■ PETER HEMINGWAY, Appellant-Respondent, v PELHAM COUNTRY CLUB, Respondent-Appellant. [789 NYS2d 178]—

In an action, inter alia, to recover damages for age discrimination, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered July 30, 2003, as granted that branch of the defendant's motion which was for summary judgment dismissing the first cause of action, and the defendant cross-appeals from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the second cause of action.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the first cause of action, which alleged that the defendant terminated the plaintiff's employment as head tennis professional because of his age, in violation of the Age Discrimination in Employment Act (29 USC § 621 *et seq.*) and the New York State Human Rights Law (*see* Executive Law § 296 [1] [a]). To establish its entitlement to summary judgment in an age discrimination case, a defendant must demonstrate either the plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for its challenged actions, the absence of a material issue of fact as to whether the explanations proffered by the defendant were pretextual (*see Forrest v Jewish Guild for Blind,* 3 NY3d 295 [2004]; *Scott v Citicorp Servs.,* 91 NY2d 823, 824

[1997]; *Ferrante v American Lung Assn.,* 90 NY2d 623, 631 [1997]; *see also Texas Dept. of Community Affairs v Burdine,* 450 US 248, 252-258 [1981]; *McDonnell Douglas Corp. v Green,* 411 US 792, 802-805 [1973]; *Abdu-Brisson v Delta Air Lines, Inc.,* 239 F3d 456, 466 [2001], *cert denied* 534 US 993 [2001]). In support of its motion, the defendant presented evidence that it terminated the plaintiff's employment for reasons that were not related to his age. In response, the plaintiff failed to raise a triable issue of fact as to whether the defendant's explanation for its action was pretextual; that is, the plaintiff did not raise ''a question of fact concerning either the falsity of [the] defendant's proffered basis for the termination or that discrimination was more likely the real reason'' (*Ferrante v American Lung Assn., supra* at 631; *see St. Mary's Honor Ctr. v Hicks,* 509 US 502, 510 [1993]; *Forrest v Jewish Guild for Blind, supra; Scott v Citicorp Servs., supra; Schnabel v Abramson,* 232 F3d 83, 88-91 [2000]; *James v New York Racing Assn.,* 233 F3d 149, 151 [2000]; *cf. Reeves v Sanderson Plumbing Prods., Inc.,* 530 US 133, 144 [2000]).

The defendant correctly contends that it timely served the plaintiff with its reply papers in support of its motion by mailing the papers to the plaintiff's counsel on the day before the return date of the motion (*see* CPLR 2214 [b]; 2103 [b] [2]; *Ryan v Town of Cortlandt,* 134 AD2d 420 [1987]). Thus, the Supreme Court erred in not considering those papers. However, upon our review of the record, including the reply papers, the Supreme Court correctly determined that there were triable issues of fact with respect to the second cause of action, alleging breach of contract based on the defendant's termination of the plaintiff's employment. Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing that cause of action. Santucci, J.P., Luciano, Rivera and Fisher, JJ., concur.