■ CAROL CESAR, Appellant, v HIGHLAND CARE CENTER, INC., Respondent. [829 NYS2d 236]—

In an action, inter alia, to recover damages for discrimination based on race, age, and national origin in violation of Executive Law § 296 and Administrative Code of City of NY § 8-107, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), dated July 7, 2005, as, upon reargument, adhered to its original determination in an order dated March 21, 2005, granting the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

As general rule, we do not consider an issue on a subsequent appeal which was raised or could have been raised in an earlier appeal which was dismissed for lack of prosecution, although the court has the inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]). The plaintiff appealed from the order dated March 21, 2005 granting the defendant's motion for summary judgment, but abandoned the appeal when the Supreme Court rendered the July 7, 2005 order made upon reargument, resulting in a dismissal of that appeal for failure to prosecute. The better practice would have been for the plaintiff to withdraw her prior appeal, rather than abandon it. Nonetheless, we exercise our discretion to review the issues raised on the plaintiff's appeal from the order made upon reargument (*see Faricelli v TSS Seedman's*, 94 NY2d 772, 774 [1999]; *Rubeo v*

*National Grange Mut. Ins. Co., supra; Aridas v Caserta,* 41 NY2d 1059, 1061 [1977]).

The Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. "To establish its entitlement to summary judgment in [a] . . . discrimination case, a defendant must demonstrate either the plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for its challenged actions, the absence of a material issue of fact as to whether the explanations proffered by the defendant were pretextual" (*DelPapa v Queensborough Community Coll.,* 27 AD3d 614 [2006] [internal quotation marks omitted]; *see Forrest v Jewish Guild for the Blind,* 3 NY3d 295, 305 [2004]; *Ferrante v American Lung Assn.,* 90 NY2d 623, 631 [1997]; *Hemingway v Pelham Country Club,* 14 AD3d 536 [2005]; *Pramdip v Building Serv. 32B-J Health Fund,* 308 AD2d 523 [2003]). In opposition to the defendant's prima facie showing that the plaintiff's employment had been terminated for legitimate, nondiscriminatory reasons, the plaintiff failed to raise a triable issue of fact as to whether the reasons proffered by the defendant for terminating the plaintiff's employment were merely pretextual (*see Forrest v Jewish Guild for the Blind, supra* at 308; *Ferrante v American Lung Assn., supra* at 625-626; *DelPapa v Queensborough Community Coll., supra; Hemingway v Pelham Country Club, supra* at 537).

The plaintiff also failed to raise a triable issue of fact in opposition to the defendant's prima facie showing that it did not discharge her from employment in retaliation for her activities in opposing any discriminatory practices, in violation of Executive Law § 296 (7). To make out a claim of unlawful retaliatory discharge, the plaintiff must demonstrate "(1) engagement in a protected activity; (2) the employer's awareness of participation in that activity; (3) an adverse employment action based on that activity; and (4) a causal connection between the protected activity and the adverse action taken by the employer" (*Hernandez v Bankers Trust Co.,* 5 AD3d 146, 148 [2004]; *see Pace v Ogden Servs. Corp.,* 257 AD2d 101, 104 [1999]). The evidence amply demonstrated that the plaintiff was suspended and later discharged in connection with her role in an accident involving an elderly nursing home resident who fell and sustained serious injury while under the plaintiff's charge.

The plaintiff's remaining contentions are without merit. Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.