■ PATRICIA A. JOHNSON, Respondent, v NYU HOSPITALS CENTER et al., Appellants. [835 NYS2d 340]—

In an action, inter alia, to recover damages for discrimination in employment on the basis of race and sex and retaliation in violation of Executive Law § 296 and New York City Administrative Code § 8-107, the defendants appeal from an order of the

Supreme Court, Kings County (Douglass, J.), dated June 1, 2006, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

"To establish its entitlement to summary judgment in [an intentional] discrimination case, a defendant must demonstrate either the plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for its challenged actions, the absence of a material issue of fact as to whether the explanations offered by the defendant were pretextual" (*Hemingway v Pelham Country Club*, 14 AD3d 536, 536 [2005]). Here, in opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact (*see* New York City Administrative Code § 8-130; *Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Cooks v New York City Tr. Auth.*, 289 AD2d 278, 279 [2001]).

The defendants also established their entitlement to summary judgment dismissing the plaintiff's intentional retaliation cause of action by proffering sufficient evidence that the plaintiff was terminated for legitimate, nonretaliatory reasons (*see Thide v New York State Dept. of Transp.*, 27 AD3d 452, 454 [2006]; *cf.* New York City Administrative Code § 8-107 [7]). In opposition, the plaintiff failed to raise a triable issue of fact.

Since the "plaintiff has failed to raise a triable issue of material fact that she was either retaliated against or discriminated against because of her race [or sex], her claims that defendants aided and abetted each other in any discrimination or retaliation cannot survive" (*Forrest v Jewish Guild for the Blind, supra* at 314).

Similarly, the defendants established their entitlement to judgment as a matter of law in connection with the plaintiff's remaining claim of a hostile work environment, and the plaintiff failed to raise a triable issue of fact in opposition.

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Crane, J.P., Krausman, Goldstein and Dillon, JJ., concur.