■ CHARMAINE MORSE, Appellant, v COWTAN & TOUT, INC., et al., Respondents, et al., Defendant. [838 NYS2d 162]—

In an action, inter alia, to recover damages for employment discrimination in violation of Executive Law § 296 and the Administrative Code of the City of New York § 8-107, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Polizzi, J.), dated September 9, 2005, as granted the motion of the defendants Cowtan & Tout, Inc., and Tory Manuels for summary judgment dismissing the complaint insofar as asserted against them and denied that branch of her cross motion which was, in effect, for summary judgment dismissing the defendants' affirmative defense that her employment was terminated for legitimate, non-discriminatory reasons.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly granted the motion of the defendants Cowtan & Tout, Inc., and Tory Manuels (hereinafter the defendants) for summary judgment dismissing the complaint insofar as asserted against them. To establish entitlement to summary judgment in a case alleging discrimination, "defendants must demonstrate either plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for their challenged actions, the absence of a material issue of fact as to whether their explanations were pretextual" (*Forrest v Jewish Guild for the Blind,* 3 NY3d 295, 305 [2004]; *see Cesar v Highland Care Ctr., Inc.,* 37 AD3d 393, 394 [2007]; *DelPapa v Queensborough Community Coll.,* 27 AD3d 614 [2006]; *Hemingway v Pelham Country Club,* 14 AD3d 536 [2005]). Here, in opposition to the

defendants' prima facie showing that the plaintiff's employment was terminated for legitimate, nondiscriminatory reasons, the plaintiff failed to raise a triable issue of fact as to whether the reasons proffered by the defendants for her discharge were merely pretextual (*see Forrest v Jewish Guild for the Blind, supra* at 305).

Additionally, the court properly found that there were no triable issues of fact as to whether the plaintiff was subjected to a hostile work environment. A hostile work environment exists " '[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment' " (*Forrest v Jewish Guild for the Blind, supra* at 310, quoting *Harris v̇ Forklift Systems, Inc.,* 510 US 17, 21 [1993]; *see Beharry v Guzman,* 33 AD3d 742, 743 [2006]; *Schenkman v New York Coll. of Health Professionals,* 29 AD3d 671, 673 [2006]; *Kaptan v Danchig,* 19 AD3d 456, 457-458 [2005]). Here, the defendants made a prima facie showing that the plaintiff was not harassed on the basis of her race, national origin, or medical condition (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit. Miller, J.P., Mastro, Krausman and Carni, JJ., concur.