■ SUNNEY KEOOULAY, Appellant, v TRANSCORE, INC., et al., Respondents. [858 NYS2d 608]—

In an action to recover damages for unlawful retaliation in employment in violation of Executive Law § 296, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered February 27, 2007, as granted the defendants' motion for summary judgment dismissing the complaint and denied that branch of his cross motion which was for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

Under the Human Rights Law (Executive Law art 15), it is unlawful to retaliate against an employee for opposing discriminatory practices (see Executive Law § 296 [7]; Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312 [2004]). To make out a

prima facie case of retaliation, the plaintiff must show that "(1) [he or] she has engaged in protected activity, (2) [his or] her employer was aware that [he or] she participated in such activity, (3) [he or] she suffered an adverse employment action based upon [his or] her activity, and (4) there is a causal connection between the protected activity and the adverse action" (*Forrest v Jewish Guild for the Blind,* 3 NY3d at 313).

The defendants met their prima facie burden of establishing their entitlement to judgment as a matter of law. In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Consequently, the plaintiff also failed to establish his entitlement to judgment as a matter of law on the issue of liability.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability. Spolzino, J.P., Carni, Dickerson and Eng, JJ., concur. [*See* 2007 NY Slip Op 30099(U).]