◼ JOSEPH DEFRANCIS, Appellant, v NORTH SHORE PLAINVIEW HOSPITAL, Respondent. [860 NYS2d 587]—

In an action pursuant to the New York State Human Rights Law (*see* Executive Law § 296), to recover damages for gender discrimination, the plaintiff appeals from an order of the Supreme Court, Nassau County (Parga, J.), entered March 29, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, an at-will employee, claims that he was terminated from his employment as a security guard at the defendant, North Shore Plainview Hospital (hereinafter the Hospital), as a result of gender discrimination. To establish its entitlement to summary judgment in a gender discrimination case, a defendant "must demonstrate either plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for their challenged actions, the absence of a material issue of fact as to whether their explanations were pretextual" (*Forrest v Jewish Guild for the Blind,* 3 NY3d 295, 305 [2004]; *see Ferrante v American Lung Assn.,* 90 NY2d 623, 631 [1997]; *Hemingway v Pelham Country Club,* 14 AD3d 536, 536-537 [2005]; *Maguire v Quaker Ridge Golf Club,* 306 AD2d 253 [2003]).

Here, the defendant established, prima facie, that it terminated the plaintiff's employment for legitimate nondiscriminatory reasons. In response, the plaintiff failed to raise an issue of material fact as to whether the termination of his employment occurred under circumstances giving rise to an inference of discrimination or as to whether the hospital's motive was pretextual (*see Forrest v Jewish Guild for the Blind,* 3 NY3d at 306-308; *Castro v New York Univ.,* 5 AD3d 135, 136 [2004]; *Liebowitz v Luitpold Pharms.,* 288 AD2d 352 [2001]; *Dodd v Middletown Lodge [Elks Club] No. 1097,* 277 AD2d 276 [2000]; *Gilroy v Continental Corp.,* 237 AD2d 251 [1997]; *Ioele v Alden Press,* 145 AD2d 29, 35 [1989]; *see also Hemingway v Pelham Country Club,* 14 AD3d at 536-537; *Oross v Good Samaritan Hosp.,* 300 AD2d 457, 458 [2002]). Accordingly, the Supreme

Court properly granted the motion. Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.