SECOND DEPARTMENT, APRIL, 2009

(April 7, 2009)

■ OLIVIA BALSAMO, Appellant, v SAVIN CORPORATION et al., Respondents. [877 NYS2d 146]—

In an action, inter alia, to recover damages for discrimination in employment on the basis of age and unlawful retaliation in violation of Executive Law § 296, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Weinstein, J.), dated January 24, 2008, as granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging age discrimination, unlawful retaliation, and constructive discharge.

Ordered that the order is affirmed insofar as appealed from, with costs.

In the context of this case, to support her cause of action alleging age discrimination, the plaintiff must demonstrate prima facie (1) that she is a member of a protected class, (2) that she was constructively discharged, (3) that she was qualified to hold the position from which she was terminated, and (4) that the discharge occurred under circumstances giving rise to an inference of age discrimination (*see Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]). To prevail on their motion for summary judgment dismissing the cause of action alleging age discrimination, the defendants were required to demonstrate either that, as a matter of law, the plaintiff cannot establish the elements of intentional discrimination, or that the plaintiff cannot raise a triable issue of fact as to whether the facially legitimate, nondiscriminatory reasons proffered by the defendants for their challenged actions were pretextual (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Morse v Cowtan & Tout, Inc.*, 41 AD3d 563 [2007]). Here, in opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law on the age discrimination cause of action, the plaintiff failed to raise a triable issue of fact (*see DeFrancis v North Shore Plainview Hosp.*, 52 AD3d 562 [2008]; *Johnson v NYU Hosps. Ctr.*, 39 AD3d 817, 818 [2007]; *DuBois v Brookdale Univ. Hosp. & Med. Ctr.*, 29 AD3d 731, 732 [2006]).

Similarly, those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging unlawful retaliation and constructive discharge were properly granted. The defendants established, prima facie, that the plaintiff did not suffer an "adverse employment action" based upon her engaging in a protected activity (*Forrest v Jewish Guild for the Blind*, 3 NY3d at 313), and that they did not deliberately make her working conditions so intolerable that a reasonable person in her position would feel compelled to resign (*see Nelson v HSBC Bank USA*, 41 AD3d 445, 447 [2007]; *Thompson v Lamprecht Transp.*, 39 AD3d 846, 848 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (*see*

*Keooulay v Transcore, Inc.*, 51 AD3d 874, 874-875 [2008]; *Nelson v HSBC Bank USA*, 41 AD3d at 447; *Thompson v Lamprecht Transp.*, 39 AD3d at 848). Fisher, J.P., Angiolillo, Balkin and Belen, JJ., concur.