■ Pilar Lopez Apiado, Appellant, v North Shore University Hospital (at Syosset), Respondent. [887 NYS2d 669]—

In an action, inter alia, to recover damages for discrimination

in employment on the basis of age and race in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Nassau County (Parga, J.), entered April 3, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff worked as a laboratory technician in the defendant hospital's blood bank. She was discharged from this position after mistakenly dispensing a unit of blood from the general blood bank supply for transfusion into a post-operative patient who had previously deposited a unit of her own blood to be used by her as needed. The plaintiff alleges that her termination was, inter alia, motivated by her age and race, and that the reasons provided by the defendant were pretextual.

To establish entitlement to summary judgment in a case alleging discrimination, a defendant "must demonstrate either plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for their challenged actions, the absence of a material issue of fact as to whether their explanations were pretextual" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *see Morse v Cowtan & Tout, Inc.*, 41 AD3d 563 [2007]; *Cesar v Highland Care Ctr., Inc.*, 37 AD3d 393, 394 [2007]; *DelPapa v Queensborough Community Coll.*, 27 AD3d 614 [2006]; *Hemingway v Pelham Country Club*, 14 AD3d 536 [2005]).

Here, the defendant established, prima facie, that it terminated the plaintiff's employment for legitimate, nondiscriminatory reasons. In response, the plaintiff failed to raise a triable issue of fact as to whether the defendant's proffered reasons for termination were merely pretextual (*see Ferrante v American Lung Assn.*, 90 NY2d 623, 630 [1997]; *Morse v Cowtan & Tout, Inc.*, 41 AD3d at 564; *Cesar v Highland Care Ctr., Inc.*, 37 AD3d 393, 394 [2007]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

In light of the foregoing, the defendant's arguments regarding, inter alia, election of remedies and collateral estoppel, have been rendered academic. Skelos, J.P., Covello, Santucci and Balkin, JJ., concur. [*See* 2008 NY Slip Op 30987(U).]