■ KEITH CONSIDINE, Appellant, v SOUTHAMPTON HOSPITAL, Respondent. [922 NYS2d 430]—

In an action, inter alia, to recover damages for employment discrimination on the basis of age in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated December 22, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was employed by the defendant, Southampton Hospital (hereinafter the hospital), as a nuclear medical technologist. The hospital, which had hired the plaintiff in 1977, terminated his employment in April 2005, when the plaintiff was 53 years old. The termination occurred during a six-month probationary period under a "last chance" agreement, which was reached after the arbitration of a prior termination of the plaintiff's employment in 2004 for various infractions including

excessive lateness, attending to personal business during working hours, and violation of parking regulations. The "last chance" agreement reinstated the plaintiff to his full-time position and provided for the termination of his employment if he engaged in serious misconduct, failed to comply with hospital rules, or had a significant performance deficiency relating to such issues. In the final month of his probation, the plaintiff administered a radiopharmaceutical medicine through a patient's life port catheter without requesting the supervision of a radiology nurse or nurse manager. The hospital found that the plaintiff's conduct violated its policies, as he had acted outside the scope of his authority and unnecessarily jeopardized a patient's health and well being, and terminated the plaintiff's employment.

A defendant seeking summary judgment dismissing a cause of action alleging age discrimination must demonstrate "either that, as a matter of law, the plaintiff cannot establish the elements of intentional discrimination, or that the plaintiff cannot raise a triable issue of fact as to whether the facially legitimate, nondiscriminatory reasons proffered by the defendants for their challenged actions were pretextual" (*Balsamo v Savin Corp.*, 61 AD3d 622, 623 [2009]; *see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Michno v New York Hosp. Med. Ctr. of Queens*, 71 AD3d 746, 747 [2010]; *Tardif v Town of Southold*, 56 AD3d 755 [2008]).

The hospital made a prima facie showing of its entitlement to judgment as a matter of law. It demonstrated that it terminated the plaintiff's employment because the plaintiff acted beyond the scope of his employment when he injected the patient with nuclear medicine on April 13, 2005, in violation of the hospital's policies, which was a legitimate nondiscriminatory reason (*see Michno v New York Hosp. Med. Ctr. of Queens*, 71 AD3d at 747; *Apiado v North Shore Univ. Hosp. [At Syosset]*, 66 AD3d 929 [2009]; *cf. Tardif v Town of Southold*, 56 AD3d 755 [2008]). The hospital also demonstrated the absence of a triable issue of fact as to whether its proffered reason for terminating the plaintiff's employment was "false or unworthy of belief, or was a pretext for discrimination" (*Michno v New York Hosp. Med. Ctr. of Queens*, 71 AD3d at 747; *see Forrest v Jewish Guild for the Blind*, 3 NY3d at 306; *Apiado v North Shore Univ. Hosp. [At Syosset]*, 66 AD3d at 930; *Balsamo v Savin Corp.*, 61 AD3d at 623). In opposition, the plaintiff failed to raise a triable issue of fact (*see Forrest v Jewish Guild for the Blind*, 3 NY3d at 308; *Apiado v North Shore Univ. Hosp. [At Syosset]*, 66 AD3d at 930). Accordingly, the Supreme Court properly granted the

hospital's motion for summary judgment dismissing the complaint.

The plaintiff's remaining contentions need not be reached in light of our determination. Dillon, J.P., Balkin, Chambers and Sgroi, JJ., concur.