■ BASAM SAYEGH, Appellant, v ANTHONY FIORE, Defendant, and SCARSDALE FORD, INC., Respondent. [931 NYS2d 884]—

To establish entitlement to judgment as a matter of law in a case alleging discrimination, the "defendants must demonstrate either plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for their challenged actions, the absence of a material issue of fact as to whether their explanations were pretextual" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *see Michno v New York Hosp. Med. Ctr. of Queens*, 71 AD3d 746 [2010]; *Apiado v North Shore Univ. Hosp. [At Syosset]*, 66 AD3d 929 [2009]; *Balsamo v Savin Corp.*, 61 AD3d 622 [2009]; *DeFrancis v North Shore Plainview Hosp.*, 52 AD3d 562 [2008]).

Here, the defendant Scarsdale Ford, Inc. (hereinafter the defendant), established, prima facie, that it terminated the plaintiff's employment for legitimate, nondiscriminatory reasons. In response, the plaintiff failed to raise a triable issue of fact as to whether the defendant's proffered reasons for termination were merely pretextual (*see Ferrante v American Lung Assn.*, 90 NY2d 623, 630 [1997]; *Apiado v North Shore Univ. Hosp. [At Syosset]*, 66 AD3d at 929; *Morse v Cowtan & Tout, Inc.*, 41 AD3d 563, 564 [2007]).

The defendant also established its entitlement to judgment as a matter of law dismissing the plaintiff's claim of a hostile work environment by proffering sufficient evidence that the allegedly offensive conduct was not sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an objectively hostile or abusive work environment (*see Morse v Cowtan & Tout, Inc.*, 41 AD3d at 564; *Thompson v Lamprecht Transp.*, 39 AD3d 846, 847 [2007]). In response, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. Leventhal, J.P., Austin, Roman and Cohen, JJ., concur.