■ Karen Ehmann, Appellant, v Good Samaritan Hospital Medical Center, Respondent. [935 NYS2d 639]—

To support a prima facie case of age discrimination under the Human Rights Law, the plaintiff must demonstrate (1) that she is a member of the class protected by the statute; (2) that she was actively or constructively discharged; (3) that she was qualified to hold the position from which she was terminated; and (4) that the discharge occurred under circumstances giving rise to an inference of age discrimination (*see Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]). Once a prima facie case is made, the burden shifts to the employer to rebut the presumption with evidence that the plaintiff was discharged for a legitimate, nondiscriminatory reason. If such evidence is produced, the presumption is rebutted and the factfinder must determine whether the proffered reasons are merely a pretext for discrimination. A factfinder who concludes that the proffered reasons are pretextual is permitted to infer the ultimate fact of discrimination but is not required to do so (*id.* at 630).

A defendant "seeking summary judgment dismissing a cause of action alleging age discrimination must demonstrate either that, as a matter of law, the plaintiff cannot establish the elements of intentional discrimination, or that the plaintiff cannot

raise a triable issue of fact as to whether the facially legitimate, nondiscriminatory reasons proffered by the [defendant for its] challenged actions were pretextual" (*Considine v Southampton Hosp.*, 83 AD3d 883, 884 [2011] [internal quotation marks and citations omitted]; *see Sayegh v Fiore*, 88 AD3d 981 [2011]). Here, the defendant established its entitlement to judgment as a matter of law by showing that the plaintiff cannot establish an element of intentional discrimination, namely, that she was actively or constructively discharged. The defendant submitted evidence demonstrating that the employment actions complained of by the plaintiff consisted merely of a formal verbal warning and a formal written warning, both of which simply provided the plaintiff with criticisms directed at her job performance and suggestions for improvement, but which did not amount to her active or constructive discharge (*see Ferrante v American Lung Assn.*, 90 NY2d at 629; *Pena v Brattleboro Retreat*, 702 F2d 322, 325 [1983]).

The defendant also demonstrated legitimate, nondiscriminatory reasons for its criticisms of the plaintiff's job performance. The defendant submitted, inter alia, affidavits prepared by the plaintiff's supervisors which outlined several purported deficiencies in the plaintiff's job performance as a registered dietician. Significantly, the defendant submitted several patient charts the plaintiff had prepared in the course of her employment at the defendant's hospital which demonstrated the work performance deficiencies that were alleged by her supervisors.

In opposition to the defendant's prima facie showing of its entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging unlawful employment practices under Executive Law § 296.

The Supreme Court also properly granted that branch of the motion which was for summary judgment dismissing the cause of action alleging a hostile work environment (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 310 [2004]). Rivera, J.P., Leventhal, Roman and Sgroi, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32616(U).]**