■ A. JOYCE FURFERO et al., Respondents, v ST. JOHN'S UNIVERSITY et al., Appellants. [941 NYS2d 639]—

In an action, inter alia, to recover damages for discrimination in employment on the basis of age in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107 (1) (a), the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered March 22, 2011, as denied those branches of their motion which were for summary judgment dismissing the first and second causes of action of the second amended complaint.

Ordered that the order is reversed insofar as appealed from, on the law, and those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action of the second amended complaint are granted.

The plaintiffs, A. Joyce Furfero, Sreedhar Kavil, and Sadik Gokturk, are tenured professors at the Peter J. Tobin College of Business of St. John's University. The plaintiffs claim, among

other things, that they were discriminated against on the basis of their ages because they were denied research grants and graduate assistants, and were denied the opportunity to teach "overload" courses, which are courses in addition to a professor's regular teaching load per semester. They also contend, inter alia, that they were denied the opportunity to teach summer and graduate courses, and were assigned unfavorable course schedules. Among other things, the plaintiff A. Joyce Furfero claims that she was assigned to teach courses during four days on two separate campuses, and the plaintiff Sreedhar Kavil claims he was assigned to teach a course at night followed by a course the next morning. Furthermore, Furfero contends that the defendants retaliated against her when she raised her age discrimination claims by being denied the right to pursue outside employment opportunities, and Kavil claims that he was prohibited from serving as the Chair of the Department of Marketing for a third consecutive term on the basis of his age. Based on these allegations, the plaintiffs seek, inter alia, to recover damages for discrimination on the basis of age in violation of the New York State Human Rights Law (Executive Law § 296) and the New York City Human Rights Law (Administrative Code of City of NY § 8-107 [1] [a]). The defendants moved, inter alia, for summary judgment dismissing these causes of action and the Supreme Court denied those branches of the motion.

At trial, to support a prima facie case of discrimination on the basis of age pursuant to Executive Law § 296, the plaintiffs must demonstrate, by a preponderance of the evidence, that (1) they are members of a protected class, (2) they are qualified to hold the position, (3) they suffered an adverse employment action, and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination (*see Stephenson v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO*, 6 NY3d 265, 270 [2006]; *Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]; *Leibowitz v Cornell Univ.*, 584 F3d 487, 498-499 [2d Cir 2009]). The burden then shifts to the defendants to rebut the plaintiffs' prima facie case of discrimination with a legitimate, nondiscriminatory reason for the adverse employment action (*see Forrest v Jewish Guild for the Blind*, 3 NY3d at 305). If the defendants meet this burden, then the burden shifts back to the plaintiffs to offer admissible evidence that the reasons proffered by the defendants were pretextual (*see St. Mary's Honor Center v Hicks*, 509 US 502, 506-507, 511 [1993]; *Texas Dept. of Community Affairs v Burdine*, 450 US 248, 254 [1981]; *McDonnell Douglas Corp. v Green*, 411 US 792,

802-806 [1973]; *Stephenson v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO*, 6 NY3d at 270-271; *Holcomb v Iona Coll.*, 521 F3d 130, 138, 141 [2d Cir 2008]).

To establish entitlement to summary judgment dismissing a cause of action alleging age discrimination pursuant to Executive Law § 296, the defendants "must demonstrate either plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for their challenged actions, the absence of a material issue of fact as to whether their explanations were pretextual" (*Forrest v Jewish Guild for the Blind*, 3 NY3d at 305; *see Ehmann v Good Samaritan Hosp. Med. Ctr.*, 90 AD3d 985 [2011]; *Apiado v North Shore Univ. Hosp. [At Syosset]*, 66 AD3d 929, 930 [2009]; *Balsamo v Savin Corp.*, 61 AD3d 622, 623 [2009]; *Hemingway v Pelham Country Club*, 14 AD3d 536, 536-537 [2005]). In opposition to the defendants' prima facie showing that the plaintiffs' employment was terminated for legitimate, nondiscriminatory reasons, the plaintiffs, in order to defeat summary judgment on that basis, must raise a triable issue of fact as to whether the reasons proffered by the defendants were merely pretextual (*see Forrest v Jewish Guild for the Blind*, 3 NY3d at 307; *Apiado v North Shore Univ. Hosp. [At Syosset]*, 66 AD3d at 930; *Morse v Cowtan & Tout, Inc.*, 41 AD3d 563, 563-564 [2007]).

In contrast, where the defendants moved for summary judgment in a discrimination case brought under the New York City Human Rights Law, and "put forward evidence of one or more nondiscriminatory motivations for [their] actions," a court "should ordinarily avoid . . . going back to the question of whether a prima facie case has been made out. Instead, [the court] should turn to the question of whether the defendant[s] ha[ve] sufficiently met [their] burden, as the moving part[ies], of showing that, based on the evidence before the court and drawing all reasonable inferences" in the plaintiff's favor, no jury could find the defendants liable under any evidentiary route (*Bennett v Health Mgt. Sys., Inc.*, 92 AD3d 29, 45 [2011]). If the plaintiff responds with "some evidence that at least one of the reasons proffered by [the] defendant[s] is false, misleading, or incomplete, a host of determinations properly made only by a jury come into play, and thus such evidence of pretext should in almost every case indicate to the court that a motion for summary judgment must be denied" (*id.*).

Applying these standards, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a

violation of Executive Law § 296. The defendants established, prima facie, that the plaintiff Furfero was not subjected to an adverse employment action by virtue of the denial of research grants and the failure to assign her a graduate research assistant. Furfero admitted that she never applied for these research resources. Thus, in this respect, she was not subjected to an adverse employment action (*see Alleva v New York City Dept. of Investigation*, 696 F Supp 2d 273, 282-283 [ED NY 2010], *affd* 413 Fed Appx 361 [2011]). Moreover, the plaintiffs were not subjected to adverse employment actions by virtue of the denial of opportunities to teach overload and summer courses, as it is undisputed that each of the plaintiffs received such assignments and earned extra compensation for teaching such courses. Furfero's further claim that she was denied the opportunity to teach graduate courses is contradicted by the record, and, in any event, the denial of the opportunity to the plaintiffs to teach graduate courses, under the circumstances of this case, did not constitute an adverse employment action (*see Klein v New York Univ.*, 786 F Supp 2d 830, 847 [SD NY 2011]; *cf. Curley v St. John's Univ.*, 19 F Supp 2d 181 [SD NY 1998]). In addition, there is no merit to the plaintiffs' contention that they were subjected to an adverse employment action due to the assignment of unfavorable course schedules (*see Mejia v Roosevelt Is. Med. Assoc.*, 31 Misc 3d 1206[A], 2011 NY Slip Op 50506[U] [2011]; *Klein v New York Univ.*, 786 F Supp 2d at 847). In opposition to the defendants' prima facie showing that the plaintiffs were not subjected to adverse employment actions on the basis of the above claims, the plaintiffs failed to raise a triable issue of fact.

In contrast, the denial of research grants and graduate research assistants to the plaintiffs Gokturk and Kavil constituted adverse employment actions. The defendants, however, asserted legitimate, nondiscriminatory reasons for denying such research grants and graduate research assistants to Gokturk and Kavil. Similarly, the plaintiff Kavil was subjected to an adverse employment action when he was prohibited from continuing to serve as Chair of the Department of Marketing, as it is undisputed that he earned a stipend based on his service in that position. Nevertheless, the defendants' enforcement of its term limit for such position, as provided in the St. John's University Statutes, constituted a legitimate, nondiscriminatory reason for denying Kavil the opportunity to serve as Chair beyond such term limit. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the reasons proffered by the defendants for these adverse employment actions were pretextual (*see Forrest v Jewish Guild for the Blind*, 3 NY3d at 307;

*Apiado v North Shore Univ. Hosp. [At Syosset]*, 66 AD3d at 930; *Morse v Cowtan & Tout, Inc.*, 41 AD3d at 563-564).

The defendants also established their entitlement to judgment as a matter of law with respect to Furfero's claim that she was subject to retaliation, as defined in Executive Law § 296 (1) (e) and (7), by being denied the opportunity to pursue outside employment opportunities. That claim is belied by the record and the plaintiffs failed to raise a triable issue of fact in relation thereto.

For all of the above reasons, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the second cause of action, which alleged a violation of Executive Law § 296.

The Supreme Court also should have granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action, which sought to recover damages on the ground that the plaintiffs were discriminated against on the basis of age pursuant to the New York City Human Rights Law. The defendants met their burden of showing that, "based on the evidence before the court and drawing all reasonable inferences" in the plaintiffs' favor, "no jury could find [the] defendant[s] liable under any of the evidentiary routes" (*Bennett v Health Mgt. Sys., Inc.*, 92 AD3d at 45).

The plaintiffs' remaining contention has been rendered academic in light of our determination. Dillon, J.P., Angiolillo, Belen and Cohen, JJ., concur.