■ Hugh Reyes, Appellant, v Brinks Global Services USA, Inc., et al., Respondents. [978 NYS2d 63]—

In an action, inter alia, to recover damages for discrimination in employment on the basis of race in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the plaintiff appeals from an order of the Supreme Court, Queens County (James J. Golia, J.), dated January 20, 2012, which granted the defendants' motion for summary judgment dismissing the complaint and denied his cross motion for leave to amend the complaint.

Ordered that the order is affirmed, with costs.

Preliminarily, although the plaintiff purports to appeal from two orders dated June 20, 2011, and June 21, 2011, respectively, he failed to designate those orders in his notice of appeal (see CPLR 5515). Accordingly, we do not reach the issues raised in connection with those orders.

The defendant Brinks, Inc. (hereinafter Brinks), by whom the defendant James Mullen was employed, is engaged in the business of providing security for cash and other valuable property of its customers, at various secured facilities. The plaintiff worked as a "Building/Turret Guard" at a Brinks facility located in Springfield Gardens. He was discharged from his position following an incident on May 25, 2009, in which he abandoned his guard post and locked himself and other Brinks employees out of the subject facility for several hours. The plaintiff thereafter commenced this action to recover damages for discrimination in employment on the basis of race, and unlawful retaliation, in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107. The defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved to amend the complaint to add causes of action alleging disability discrimination and hostile work environment in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107. The Supreme Court granted the defendants' motion and denied the plaintiff's cross motion.

Under the circumstances of this case, we decline to dismiss this appeal, as requested by the defendants, on the ground that the plaintiff failed to submit a complete appellate record.

The Supreme Court did not improvidently exercise its discretion in denying the plaintiff's cross motion for leave to amend the complaint. "Leave to amend a pleading should be freely given (*see* CPLR 3025 [b]), provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit" (*Ortega v Bisogno & Meyerson*, 2 AD3d 607, 609 [2003]; *see Douglas Elliman, LLC v Bergere*, 98 AD3d 642, 643 [2012]; *Clark v Clark*, 93 AD3d 812, 816 [2012]). Here, the proposed amendments were patently devoid of merit (*see Douglas Elliman, LLC v Bergere*, 98 AD3d at 644; *Tarek Youssef Hassan Saleh v 5th Ave. Kings Fruit & Vegetables Corp.*, 92 AD3d 749, 750 [2012]).

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Executive Law § 296. In that regard, the defendants demonstrated that the plaintiff's employment was terminated for a legitimate, nondiscriminatory and nonretaliatory reason—specifically, the incident on May 25, 2009, which materially compromised the safety and security of the facility and the valuable property stored therein—and that there are no material issues of fact as to whether that explanation was pretextual (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Cenzon-Decarlo v Mount Sinai Hosp.*, 101 AD3d 924, 926 [2012]; *Thide v New York State Dept. of Transp.*, 27 AD3d 452, 454 [2006]). In response, the plaintiff failed to raise a triable issue of fact as to whether the defendants' proffered reason for his termination was merely pretextual (*see Apiado v North Shore Univ. Hosp. [At Syosset]*, 66 AD3d 929 [2009]; *Morse v Cowtan & Tout, Inc.*, 41 AD3d 563, 564 [2007]; *Thide v New York State Dept. of Transp.*, 27 AD3d at 454; *Jordan v American Intl. Group*, 283 AD2d 611, 612 [2001]).

The defendants further demonstrated their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Administrative Code of the City of New York § 8-107. In that respect, the defendants made "a prima facie showing that there is no evidentiary route that could allow a jury to believe that discrimination [or retaliation] played a role in their challenged actions" (*Cenzon-Decarlo v Mount Sinai Hosp.*, 101 AD3d at 927; *see Furfero v St. John's Univ.*, 94 AD3d 695, 699 [2012]; *Bennett v Health Mgt. Sys., Inc.*, 92 AD3d 29, 45 [2011]). In opposition to that showing, the plaintiff failed to raise a triable issue of fact (*see Cenzon-Decarlo*

*v Mount Sinai Hosp.*, 101 AD3d at 927; *Bennett v Health Mgt. Sys., Inc.*, 92 AD3d at 46).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur. **[Prior Case History: 2012 NY Slip Op 30296(U).]**