JENNIFER KING, Appellant, v NORTH SHORE LONG ISLAND JEWISH HOSPITAL AT PLAINVIEW, Respondent. [7 NYS3d 371]—

In an action, inter alia, to recover damages for discrimination in employment on the basis of national origin in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Nassau County (Parga, J.), dated February 13, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

To establish entitlement to judgment as a matter of law in a case alleging discrimination, the defendants must demonstrate either the plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for their challenged actions, the absence of a triable issue of fact as to whether their explanations were pretextual (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]; Sayegh v Fiore, 88 AD3d 981, 982 [2011]; Michno v New York Hosp. Med. Ctr. of Queens, 71 AD3d 746 [2010]; Apiado v North Shore Univ. Hosp. [At Syosset], 66 AD3d 929 [2009]).

Here, the defendant established, prima facie, that it terminated the plaintiff's employment for legitimate, nondiscriminatory reasons. In response, the plaintiff failed to raise a triable issue of fact as to whether the defendant's proffered reasons for termination were merely pretextual (see Ferrante v American Lung Assn., 90 NY2d 623, 630 [1997]; Sayegh v Fiore, 88 AD3d at 982; Apiado v North Shore Univ. Hosp. [At Syosset], 66 AD3d at 929; Morse v Cowtan & Tout, Inc., 41 AD3d 563, 564 [2007]).

The defendant also established its entitlement to judgment as a matter of law with respect to the plaintiff's claim that she was subject to retaliation, as defined in Executive Law § 296 (1) (e) and (7), by being denied reinstatement. " 'Although hearsay evidence may be considered in opposition to a motion for summary judgment, it is insufficient to bar summary judgment if it is the only evidence submitted' " (Sprotte v Fahey, 95 AD3d 1103, 1104-1105 [2012], quoting Rodriguez v Sixth President, 4 AD3d 406, 407 [2004]; see Feinberg v Sanz, 115 AD3d 705 [2014]; Arnold v New York City Hous. Auth., 296 AD2d 355, 356 [2002]). The hearsay evidence submitted by the plaintiff, that a shop steward told the plaintiff that she was

not reinstated because she had filed a civil rights complaint, was insufficient to raise a triable issue of fact. Skelos, J.P., Austin, Miller and Hinds-Radix, JJ., concur.