■ Elsa Nura, Appellant, v International Shoppes, LLC, Respondent. [11 NYS3d 867]—In an action to recover damages for discrimination in employment on the basis of age and national origin in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Queens County (Livote, J.), dated April 2, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

To establish prima facie entitlement to judgment as a matter of law dismissing a cause of action alleging discrimination, the "defendants must demonstrate either plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for their challenged actions, the absence of a material issue of fact as to whether their explanations were pretextual" (*Forrest v Jewish Guild for the Blind,* 3 NY3d 295, 305 [2004]; *see Michno v New York Hosp. Med. Ctr. of Queens,* 71 AD3d 746 [2010]; *Apiado v North Shore Univ. Hosp. [At Syosset],* 66 AD3d 929 [2009]; *Balsamo v Savin Corp.,* 61 AD3d 622 [2009]; *DeFrancis v North Shore Plainview Hosp.,* 52 AD3d 562 [2008]; *Morse v Cowtan & Tout, Inc.,* 41 AD3d 563 [2007]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff was transferred to another store for a legitimate, nondiscriminatory reason consisting of her problems with coworkers and leaving the store unattended. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant's explanation for her transfer was false or unworthy of belief, or was a pretext for discrimination (*see Michno v New York Hosp. Med. Ctr. of Queens,* 71 AD3d 746 [2010]; *Apiado v North Shore Univ. Hosp. [At Syosset],* 66 AD3d 929 [2009];

*DeFrancis v North Shore Plainview Hosp.*, 52 AD3d 562 [2008]; *Morse v Cowtan & Tout, Inc.*, 41 AD3d 563 [2007]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Leventhal, Cohen and Maltese, JJ., concur.