██ KRISHNA SINGH, Appellant, v COVENANT AVIATION SECURITY, LLC, Respondent. [16 NYS3d 611]—

In an action to recover damages for discrimination in employment in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), entered March 27, 2013, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Administrative Code of the City of New York § 8-107, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Covenant Aviation Security, LLC (hereinafter the defendant), provided security services at John F. Kennedy International Airport (hereinafter the airport) under a contract with the Port Authority of New York and New Jersey. The plaintiff, who identifies himself as Indian, was employed by the defendant as a security guard at the airport from February 1, 2007, through July 15, 2010, when his employment was terminated for falling asleep while on duty. Thereafter, the plaintiff commenced this action, alleging that he was wrongfully terminated from employment on the basis of his race or national origin in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107. The plaintiff alleged that his tour supervisor harassed, degraded, and subjected him to racially discriminatory comments throughout his employment. He also alleged that, at least in part because of racial discrimination, his supervisor reported him to the defendant's higher level management for sleeping on the job on July 15, 2010. The supervisor's report resulted in the termination of the plaintiff's employment. The plaintiff admitted in his personal statement regarding the incident, and at his deposition, that he had been asleep; he said he had not known that the allergy medication he took would cause him to fall asleep.

After discovery was completed, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.

The Supreme Court correctly granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of the New York State Human Rights Law (Executive Law § 296), but erred in granting that branch of the motion which was for summary judgment dismissing the cause of action alleging a violation of the New York City Human Rights Law (Administrative Code § 8-107).

The New York State Human Rights Law (Executive Law § 296) provides that it is an unlawful discriminatory practice "[f]or an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment" (Executive Law § 296 [1] [a]). To establish a cause of action alleging a violation of this provision at trial, a plaintiff has the burden of showing, prima facie, that (1) he or she is a member of a protected class; (2) he or she was qualified to hold the position at issue, (3) he or she was terminated from employment, and (4) the termination occurred under circumstances that give rise to an inference of discrimination (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Furfero v St. John's Univ.*, 94 AD3d 695, 696 [2012]). In the context, however, of a defendant's motion for summary judgment, the defendant need only establish, prima facie, the absence of any of these elements (*see e.g. Furfero v St. John's Univ.*, 94 AD3d at 697-698). In connection with the fourth element, a defendant, upon offering legitimate, nondiscriminatory reasons for the challenged action, is also required to demonstrate the absence of a triable issue of fact as to whether its explanation for its termination of the plaintiff's employment was pretextual (*see Forrest v Jewish Guild for the Blind*, 3 NY3d at 305; *Furfero v St. John's Univ.*, 94 AD3d at 697; *Michno v New York Hosp. Med. Ctr. of Queens*, 71 AD3d 746, 746-747 [2010]; *see also Nettles v LSG Sky Chefs*, 94 AD3d 726, 728 [2012]).

Here, the defendant satisfied its burden on its motion for summary judgment by establishing a legitimate nonpretextual reason for terminating the plaintiff's employment. Specifically, it presented evidence that the plaintiff was found asleep while

on duty, that sleeping while on duty is a violation of company rules, and that the plaintiff's employment was terminated in accordance with a no-tolerance policy for such violations. The burden thus shifted to the plaintiff to demonstrate the existence of a triable issue of fact as to whether the reason given for the termination of his employment was true or was pretextual (*see Nura v International Shoppes, LLC*, 130 AD3d 697 [2015]; *Nettles v LSG Sky Chefs*, 94 AD3d at 728). The plaintiff failed to raise a triable issue of fact in this regard (*see Cotterell v State of New York*, 129 AD3d 653, 655 [2015]; *Apiado v North Shore Univ. Hosp. [At Syosset]*, 66 AD3d 929, 930 [2009]). Indeed, the plaintiff admitted that he had been asleep while on duty. Moreover, he presented no evidence that his race or ethnicity "played a motivating or substantial role" in the defendant's decision to terminate his employment (*Michaelis v State of New York*, 258 AD2d 693, 694 [1999]; *see Sandiford v City of N.Y. Dept. of Educ.*, 22 NY3d 914, 916 [2013]). Accordingly, the Supreme Court properly awarded summary judgment to the defendant dismissing the cause of action alleging a violation of Executive Law § 296 (*see Cotterell v State of New York*, 129 AD3d at 655; *Apiado v North Shore Univ. Hosp. [At Syosset]*, 66 AD3d at 930).

We reach a different result with respect to the cause of action alleging a violation of the New York City Human Rights Law. Three provisions of that law are relevant here.

The first, Administrative Code § 8-107 (1) (a), provides that "[i]t shall be an unlawful discriminatory practice . . . [f]or an employer *or an employee or agent* thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment" (emphasis added).

The second, Administrative Code § 8-107 (13) (b) (1), provides, as relevant here, that an employer may be liable under Administrative Code § 8-107 (1) (a) for the conduct of an employee or agent "only where . . . the employee or agent exercised managerial or supervisory responsibility."

The third, Administrative Code § 8-130 ("Construction"), mandates a broad interpretation of the New York City Human Rights Law: "[t]he provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New

York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed."

The plaintiff seeks to hold the defendant liable for the discriminatory conduct of an "employee" (Administrative Code § 8-107 [1] [a]), specifically, his tour supervisor (*see* Administrative Code § 8-107 [13] [b] [1]). The plaintiff alleges that the supervisor reported him to the defendant's management at least in part because of racial or ethnic animus, that the supervisor did not report numerous non-Indian employees who had fallen asleep on duty, and that the supervisor's motivation in this regard is actionable against the defendant under the New York City Human Rights Law (*see* Administrative Code § 8-107 [1] [a]; [13] [b] [1]; *Zakrzewska v New School*, 14 NY3d 469, 481 [2010]), even in light of the plaintiff's admission that he was sleeping while on duty.

The Court of Appeals has recognized that the New York City Human Rights Law must be construed "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible" (*Albunio v City of New York*, 16 NY3d 472, 477-478 [2011]; *see Bennett v Health Mgt. Sys., Inc.*, 92 AD3d 29, 34 [2011]). Thus, the New York City Human Rights Law is to be more broadly interpreted than similarly worded federal or State antidiscrimination provisions (*see Zakrzewska v New School*, 14 NY3d at 479). The Appellate Division, First Department, has interpreted the New York City Human Rights Law as requiring that unlawful discrimination play " 'no role' " in an employment decision (*Bennett v Health Mgt. Sys., Inc.*, 92 AD3d at 40, quoting *Williams v New York City Hous. Auth.*, 61 AD3d 62, 78 n 27 [2009]). Our Court has expressed general agreement with the First Department's interpretation of the New York City Human Rights Law (*see Nelson v HSBC Bank USA*, 87 AD3d 995, 999 [2011]). Thus, under the broadly worded and broadly interpreted New York City Human Rights Law, if the supervisor's decision to report the plaintiff was motivated by racial or ethnic animus, even in part, the defendant may be held liable.

The evidence undisputedly established that the plaintiff's employment was terminated by the defendant because the plaintiff was found to be asleep while on duty, in violation of its rules. Additionally, there was evidence that the defendant had a zero-tolerance policy with respect to violations of that rule. Further, it is also not disputed that the defendant's no-tolerance policy regarding the termination of the employment of employees found sleeping while on duty is a legitimate policy.

Nevertheless, the plaintiff presented evidence that his supervisor reported him to the defendant's management in part out of racial animus, and did not report other, non-Indian employees who were found sleeping while on duty. Thus, the plaintiff raised a triable issue of fact as to whether his supervisor's unlawful discrimination, which is to be imputed to the defendant, played a role in the termination of the plaintiff's employment. Accordingly, the Supreme Court erred in granting that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of the New York City Human Rights Law (*cf. Boyce v Gumley-Haft, Inc.*, 82 AD3d 491, 492 [2011]). Balkin, J.P., Leventhal, Hall and Hinds-Radix, JJ., concur.