■ Arnold Brown, Appellant, v Uptown Communications & Electric, Inc., et al., Respondents. [16 NYS3d 757]—In an action to recover damages for employment discrimination and unlawful retaliation in violation of Executive Law § 296 and Correction Law § 752, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated July 16, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action alleging that the defendants violated Executive Law § 296 (15) and Correction Law § 752 by taking adverse employment actions against him due to his criminal history, and that they violated Executive Law

§ 296 (1) (a) and (7) by retaliating against him for opposing their discriminatory practices. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint.

With respect to the causes of action alleging that the defendants discriminated against the plaintiff due to his criminal history, the defendants established, prima facie, that the subject adverse employment actions were undertaken for legitimate, nondiscriminatory reasons, and that those reasons were not pretextual. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the subject adverse employment actions occurred under circumstances giving rise to an inference of discriminatory motive, or as to whether the defendants' proffered reasons for the actions were pretextual (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Cotterell v State of New York*, 129 AD3d 653, 655 [2015]; *King v North Shore Long Is. Jewish Hosp. at Plainview*, 127 AD3d 928, 928 [2015]). Further, in opposition to the defendants' showing of their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging retaliation, the plaintiff failed to raise a triable issue of fact as to whether there was a causal connection between any protected activity in which he engaged and any adverse employment action, or to rebut the defendants' evidence that any adverse action taken against him was justified by legitimate, nondiscriminatory reasons (*see Forrest v Jewish Guild for the Blind*, 3 NY3d at 313; *Cotterell v State of New York*, 129 AD3d 653, 655 [2015]; *Nettles v LSG Sky Chefs*, 94 AD3d 726, 731 [2012]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Leventhal, J.P., Dickerson, Roman and Hinds-Radix, JJ., concur.