■ CHERYL CROCI, Appellant, v TOWN OF HAVERSTRAW, Respondent, et al., Defendant. [44 NYS3d 546]—

In an action, inter alia, to recover damages for employment discrimination on the basis of sex in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Rockland County (Loehr, J.), dated December 1, 2014, which granted the motion of the defendant Town of Haverstraw for summary judgment dismissing the amended complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that she was sexually harassed by a coworker while she was employed by the defendant Town of Haverstraw. After she complained about the alleged sexual harassment to her supervisor, the Town arranged for an investigation by an outside party. Based on the findings of the

investigation, the Town Supervisor determined that "[a]s a result of a lack of corroboration and lack of reliability, I find that [the plaintiff was] not the victim of sexual harassment." The Town Supervisor found that both the plaintiff and the coworker had conversations of a sexual nature in the workplace, and they were advised to cease doing so.

The plaintiff alleged that the coworker's harassment continued. In October 2011, the plaintiff commenced this action, inter alia, to recover damages for employment discrimination on the basis of sex in violation of Executive Law § 296. Subsequently, the Town arranged for a second investigation into the alleged harassment by a different outside party, which resulted in disciplinary charges being brought against the coworker, his transfer to another facility, and prohibition of any contact between him and the plaintiff.

In October 2013, the Town moved for summary judgment dismissing the amended complaint insofar as asserted against it, submitting, inter alia, the transcripts of the depositions of the plaintiff, her supervisor, and the coworker, and the reports of the two investigations that were conducted. The Supreme Court granted the motion, finding that the measures taken by the Town in response to the plaintiff's allegations were reasonable.

Under Executive Law § 296, "[a] hostile work environment exists when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," both pursuant to an objective standard, and as subjectively perceived by the plaintiff (*Morse v Cowtan & Tout, Inc.*, 41 AD3d 563, 564 [2007] [internal quotation marks omitted]). "An 'employer cannot be held liable for an employee's discriminatory act unless the employer became a party to it by encouraging, condoning, or approving it' " (*Matter of State Div. of Human Rights v St. Elizabeth's Hosp.*, 66 NY2d 684, 687 [1985], quoting *Matter of Totem Taxi v New York State Human Rights Appeal Bd.*, 65 NY2d 300, 305 [1985]).

Here, the Town made a prima facie showing of entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it by establishing that it did not encourage, condone, or approve the alleged sexual harassment, and that, once it was aware of the plaintiff's complaints, it took prompt action to investigate and remedy the situation (*see Vitale v Rosina Food Prods.*, 283 AD2d 141, 143 [2001]).

In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the Town's motion for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.