■ Celia Clark, Appellant, v Morelli Ratner PC et al., Respondents. [905 NYS2d 561]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered March 20, 2009, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Although the court erred to the extent it found that federal standards for recovery are applied in determining employment discrimination claims under the New York City Human Rights Law and in failing to conduct an independent analysis under that law (*see Williams v New York City Hous. Auth.*, 61 AD3d 62 [2009], *lv denied* 13 NY3d 702 [2009]), summary dismissal was nonetheless warranted.

With respect to the claim of racially motivated firing, defendants' evidence regarding plaintiff's insubordination and unprofessional conduct was sufficient to establish a legitimate, nondiscriminatory explanation for her termination, and plaintiff

did not offer sufficient evidence in rebuttal to show that defendants' actions in this regard were false, contrived or pretextual (*see Koester v New York Blood Ctr.*, 55 AD3d 447 [2008]; *Stewart v Schulte Roth & Zabel LLP*, 44 AD3d 354 [2007], *lv denied* 10 NY3d 707 [2008]).

The claim of retaliatory firing based on plaintiff's complaints of harassment by defendants' former client was properly dismissed, as plaintiff failed to rebut defendants' showing of termination for a legitimate, nondiscriminatory reason (*see Dunn v Astoria Fed. Sav. & Loan Assn.*, 51 AD3d 474 [2008], *lv denied* 11 NY3d 705 [2008]).

Plaintiff's hostile work environment claim was properly dismissed because plaintiff did not establish that the firm failed to take remedial action (*see Matter of Town of Lumberland v New York State Div. of Human Rights*, 229 AD2d 631, 636 [1996]), and did not raise valid factual issues regarding the efficacy of that action.

Plaintiff's contention that the prediscovery summary judgment motion should have been denied as premature is unavailing, in view of her attorney's concession in open court that discovery was unnecessary. Concur—Tom, J.P., Mazzarelli, Andrias, Saxe and DeGrasse, JJ.

Motion to enlarge the record on appeal granted. **[Prior Case History: 2009 NY Slip Op 30639(U).]**