■ PATRICIA A. LICHTMAN, Respondent, v MARTIN's NEWS SHOPS MANAGEMENT, INC., et al., Appellants. [917 NYS2d 222]—

In an action, inter alia, to recover damages for discrimination in employment on the basis of age in violation of Executive Law § 296 and the Age Discrimination in Employment Act (29 USC § 621 *et seq.*), and for unpaid overtime in violation of the Fair Labor Standards Act of 1938 (29 USC § 201 *et seq.*), the defendants appeal from an order of the Supreme Court, Nassau County (Feinman, J.), dated January 7, 2010, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

In 1991, at the age of 45, the plaintiff was hired by the defendant Martin Green, the chief officer and major shareholder of the defendant Martin's News Shops Management, Inc. (hereinafter Martin's News), and the other corporate defendants, which operated newsstands at various office buildings in New York, New Jersey, and Massachusetts. Initially, the plaintiff performed bookkeeping functions, but in 2004, she was given the title of officer manager. The plaintiff worked for Martin's

News for a total of 14 years until her employment was terminated in 2005 at the age of 59.

The plaintiff commenced this action against the defendants, inter alia, to recover damages for age discrimination and unpaid overtime. The plaintiff alleged that her job performance was satisfactory and that she was a dedicated, loyal, and efficient employee. The plaintiff claimed that she was unlawfully terminated on December 31, 2005, because of her age. She averred that her termination was a result of the defendants' attempt to reduce personnel expenses by replacing the plaintiff with a lesser qualified, younger individual, who was 42 years old.

The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. We reverse.

The Age Discrimination in Employment Act (hereinafter the ADEA) provides, in relevant part: "It shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age" (29 USC § 623 [a] [1]).

Similarly, Executive Law § 296 (1) (a) provides: "It shall be an unlawful discriminatory practice . . . [f]or an employer or licensing agency, because of an individual's age . . . to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

"To establish entitlement to summary judgment in a case alleging discrimination, the 'defendants must demonstrate either plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for their challenged actions, the absence of a material issue of fact as to whether their explanations were pretextual'" (*Michno v New York Hosp. Med. Ctr. of Queens*, 71 AD3d 746, 746-747 [2010], quoting *Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *see Apiado v North Shore Univ. Hosp. [At Syosset]*, 66 AD3d 929 [2009]; *Balsamo v Savin Corp.*, 61 AD3d 622 [2009]; *DeFrancis v North Shore Plainview Hosp.*, 52 AD3d 562 [2008]). The standards for summary judgment dismissal of a claim brought pursuant to the ADEA and Executive Law § 296 are the same (*see Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]; *Simeone v County of Suffolk*, 36 AD3d 890, 891 [2007]; *Brannigan v Board of Educ. of Levittown Union Free School Dist.*, 18 AD3d 787, 789 [2005]; *Hemingway v Pelham Country Club*, 14 AD3d 536, 536-537 [2005]).

The defendants met their prima facie burden of setting forth nondiscriminatory reasons for the plaintiff's termination (see *Texas Dept. of Community Affairs v Burdine*, 450 US 248, 254-255 [1981]; *Ferrante v American Lung Assn.*, 90 NY2d at 629; *Matter of Laverack & Haines v New York State Div. of Human Rights*, 88 NY2d 734, 738 [1996]; *Matter of Miller Brewing Co. v State Div. of Human Rights*, 66 NY2d 937, 938 [1985]).

In his affidavit, Green denied that the plaintiff was terminated due to her age. He stated that the plaintiff was terminated solely because her work performance was deficient in that, among other things, she was excessively late to work, exhibited a lack of proper accounting controls, did an insufficient job of training an assistant, and demonstrated a lack of oversight which led, at least indirectly, to the theft of lottery sale proceeds in the approximate sum of $165,000. Green maintained that he spoke to the plaintiff on numerous occasions regarding his concerns about her deteriorating job performance; however, this only caused her performance to worsen. Moreover, he claimed that, as a result of the lottery theft discovered in February 2005, eight employees, including the plaintiff, were terminated.

In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants' proffered reasons for her termination were pretextual (see *Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 308 [2004]; *Ferrante v American Lung Assn.*, 90 NY2d at 630-631). The plaintiff failed to demonstrate that the defendants' numerous reasons for the plaintiff's termination were "false or unworthy of belief," or that age discrimination was likely the "real reason" for the plaintiff's termination (*Criley v Delta Air Lines, Inc.*, 119 F3d 102, 104 [1997], cert denied 522 US 1028 [1997] [internal quotation marks omitted]; *Ferrante v American Lung Assn.*, 90 NY2d at 630 [internal quotation marks omitted]).

Similarly, the defendants established their entitlement to judgment as a matter of law with respect to the plaintiff's causes of action premised upon a violation of the Fair Labor Standards Act (hereinafter the FLSA). Employees who act in "a bona fide executive, administrative, or professional capacity" are exempt from the overtime provisions of the FLSA (29 USC § 213 [a] [1]). An "employee employed in a bona fide administrative capacity" is defined as an employee earning not less than $455 per week, "[w]hose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers," and who exercises discretion and independent judgment in performing his or her duties (29 CFR 541.200 [a] [2]).

To prove that a plaintiff is an exempt employee under 29 USC § 213 (a) (1), a defendant must show that the plaintiff was paid on a salary basis and performed administrative duties (*see* 29 CFR 541.200).

In Green's affidavit, he stated that, at the time of termination, the plaintiff held the title of "office manager" and her duties included, inter alia, "auditing store reports and paying vendors for merchandise, balancing bank statements, newspaper returns, retail display allowances, and auditing the weekly reports submitted by the store managers, including both merchandise sales and deposits, but also lottery sales and deposits." Green also explained that the plaintiff had the authority to, among other things, hire and train staff, purchase office equipment and supplies, and implement different bookkeeping systems and accounting controls.

In addition to Green's affidavit, the defendants submitted the plaintiff's deposition testimony in which she stated that, as the office manager she, inter alia, audited store reports, paid vendors for merchandise, and balanced bank statements for which she earned $900 per week, and that she received a car allowance, reimbursement for her home phone bill, and transit checks. Thus, the defendants established that the plaintiff was an administrative employee exempt from the overtime provisions of the FLSA (*see* 29 CFR 541.200; *Matter of Conners [Commissioner of Labor]*, 9 AD3d 703, 704-705 [2004], *cert denied* 544 US 1034 [2005]).

In response, the plaintiff failed to raise a triable issue of fact as to whether she was an employee eligible for overtime pay pursuant to the FLSA (*see* 29 USC § 207 [a] [1]; 29 CFR 541.200; *see e.g. Matter of Strader [Commissioner of Labor]*, 49 AD3d 1120, 1121 [2008]).

Accordingly, the Supreme Court improperly denied the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Balkin, Eng and Austin, JJ., concur.