ANTHONY LAMBERT, Appellant, v MACY'S EAST, INC., et al., Respondents. [922 NYS2d 210]—

In an action, inter alia, to recover damages for discrimination in the terms, conditions, and privileges of employment on the basis of race, and for retaliation against the plaintiff on the ground that he opposed and complained of certain discriminatory practices, in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated April 30, 2010, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, an African-American male, commenced this action to recover damages for employment discrimination and

unlawful retaliation pursuant to both the New York State Human Rights Law (Executive Law § 290 *et seq*.) and the New York City Human Rights Law (Administrative Code of City of NY § 8-101 *et seq*.) against his former employer, the defendant Macy's East, Inc., among others, alleging, inter alia, that, due to his race, he was denied promotion to a position that was filled with less qualified white individuals. He also alleges that he was harassed by the defendants, that the defendants retaliated against him for opposing and complaining of discriminatory practices, and that he was exposed to a hostile work environment after he complained about racial discrimination against him, all of which he further alleges led to his constructive termination from employment.

A plaintiff alleging racial discrimination in employment has the initial burden of establishing a prima facie case of discrimination (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295 [2004]). To meet this burden, a plaintiff must show that (1) he or she is a member of a protected class; (2) he or she was qualified to hold the position; (3) he or she was terminated from employment or suffered another adverse employment action; and (4) the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination (*id.*; *see Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]). The burden then shifts to the employer or employers " 'to rebut the presumption of discrimination by clearly setting forth, through the introduction of admissible evidence, legitimate, independent, and nondiscriminatory reasons to support its employment decision' " (*Ferrante v American Lung Assn.*, 90 NY2d at 629, quoting *Matter of Miller Brewing Co. v State Div. of Human Rights*, 66 NY2d 937, 938 [1985]). To thereafter succeed on the claim, the plaintiff must prove that the legitimate reasons proffered by the defendants were merely a pretext for discrimination, by demonstrating both that the stated reasons were false, and that discrimination was the real reason (*see Ferrante v American Lung Assn.*, 90 NY2d at 629-630).

"To prevail on their summary judgment motion, defendants must demonstrate either plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for their challenged actions, the absence of a material issue of fact as to whether their explanations were pretextual" (*Forrest v Jewish Guild for the Blind*, 3 NY3d at 305; *Clark v Morelli Ratner PC*, 73 AD3d 591 [2010]). Here, in opposition to the defendants' prima facie showing of their entitlement to judgment as a matter of law on the employment discrimination causes of action, the plaintiff failed

to raise a triable issue of fact (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295 [2004]; *Lichtman v Martin's News Shops Mgt., Inc.*, 81 AD3d 696 [2011]; *Clark v Morelli Ratner PC*, 73 AD3d 591 [2010]).

Similarly, those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging unlawful retaliation and constructive discharge were properly granted. The defendants established, prima facie, that the plaintiff did not suffer an "adverse employment action" based upon his engagement in a protected activity (*Forrest v Jewish Guild for the Blind*, 3 NY3d at 313), and that they did not deliberately make his working conditions so intolerable that a reasonable person in his position would have felt compelled to resign (*see Nelson v HSBC Bank USA*, 41 AD3d 445, 447 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Bendeck v NYU Hosps. Ctr.*, 77 AD3d 552, 553 [2010]; *Balsamo v Savin Corp.*, 61 AD3d 622 [2009]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Rivera, Austin and Roman, JJ., concur.