In an action to recover damages for discrimination in employ *469 ment on the basis of age in violation of, inter alia, Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated May 25, 2011, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
To establish entitlement to summary judgment dismissing a cause of action alleging age discrimination in violation of Executive Law § 296, a defendant “must demonstrate either [the] plaintiff’s failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for [its] challenged actions, the absence of a material issue of fact as to whether [its] explanations were pretextual” (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]; see Ehmann v Good Samaritan Hosp. Med. Ctr., 90 AD3d 985, 985-986 [2011]; Hemingway v Pelham Country Club, 14 AD3d 536, 536-537 [2005]). “To support a prima facie case of age discrimination under [Executive Law § 296], [the] plaintiff must demonstrate (1) that [she] is a member of the class protected by the statute; (2) that [she] was actively or constructively discharged; (3) that [she] was qualified to hold the position from which [she] was terminated; and (4) that the discharge occurred under circumstances giving rise to an inference of age discrimination” (Ferrante v American Lung Assn., 90 NY2d 623, 629 [1997]).
“[T]o defeat a properly supported motion for summary judgment in an age discrimination case, plaintiffs must show that there is a material issue of fact as to whether (1) the employer’s asserted reason for [the challenged action] is false or unworthy of belief and (2) more likely than not the employee’s age was the real reason [for the termination]” (id. at 630 [internal quotation marks omitted]).
Here, the defendant established its entitlement to judgment as a matter of law by showing that the plaintiff cannot establish the elements of intentional discrimination: that she was qualified to hold the position from which she was terminated or that her discharge occurred under circumstances giving rise to an inference of age discrimination. The defendant submitted, inter alia, the plaintiffs deposition testimony in which she admitted to her substandard work performance. By the same evidence, the defendant also demonstrated, prima facie, a legitimate, nondiscriminatory reason for terminating the plaintiffs employment. In opposition to the defendant’s prima facie showing, the plaintiff failed to raise a triable issue of fact. Moreover, the Supreme Court correctly determined that, to the extent that the *470 complaint alleges a violation of title VII of the Civil Rights Act of 1964 (42 USC, ch 21, § 2000e et seq.), dismissal was required, since discrimination on the basis of age is not forbidden by that statute (see General Dynamics Land Systems, Inc. v Cline, 540 US 581, 586-587 [2004]).
Therefore, the Supreme Court properly granted the defendant’s motion for summary judgment dismissing the complaint. Skelos, J.P., Florio, Lott and Miller, JJ., concur.