■ Paul Cotterell, Appellant, v State of New York et al., Respondents, et al., Defendants. [10 NYS3d 558]—

In an action, inter alia, to recover damages for discrimination and retaliation under 42 USC §§ 1981 and 1983 and in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Rosa, J.), dated March 12, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, an African-American man of Jamaican national origin, commenced this action to recover damages for discrimination and retaliation relating to his employment as a food inspector with the New York State Office of General Services. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint.

A plaintiff alleging discrimination in employment has the initial burden to establish a prima facie case of discrimination (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]). To meet this burden, the plaintiff must show that (1) he or she is a member of a protected class; (2) he or she was qualified to hold the position; (3) he or she was terminated from employment or suffered another adverse employment action; and (4) the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination (*see id.* at 305). The burden then shifts to the employer "to rebut the presumption of discrimination by clearly setting forth, through the introduction of admissible evidence, legitimate, independent, and nondiscriminatory reasons to support its employment decision" (*id.* [internal quotation marks omitted]). To succeed on the claim, "the plaintiff must prove that the legitimate reasons proffered by the defendant were merely a pretext for discrimination by demonstrating both that the stated reasons were false and that discrimination was the real reason" (*id.*).

To prevail on a motion for summary judgment in a discriminatory employment action, a defendant must demonstrate either the plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for their challenged actions, the absence of a material issue of fact as to whether their explanations were pretextual (*see id.*).

Here, in opposition to the defendants' showing of their prima facie entitlement to judgment as a matter of law on the causes of action alleging discrimination, the plaintiff failed to raise a triable issue of fact as to whether any adverse employment action he allegedly suffered occurred under circumstances giving rise to an inference of discriminatory motive (*see id.* at 306;

*Brennan v Metropolitan Opera Assn.*, 284 AD2d 66, 70 [2001]). Moreover, in response to the legitimate, nondiscriminatory reasons proffered by the defendants for their challenged actions, the plaintiff failed to raise a triable issue of fact as to whether the defendants' explanations were pretextual (*see Forrest v Jewish Guild for the Blind*, 3 NY3d at 308; *Lambert v Macy's E., Inc.*, 84 AD3d 744, 745-746 [2011]; *Lichtman v Martin's News Shops Mgt., Inc.*, 81 AD3d 696, 698 [2011]; *Clark v Morelli Ratner PC*, 73 AD3d 591, 591-592 [2010]).

It is unlawful to retaliate against an employee for opposing discriminatory practices (*see Forrest v Jewish Guild for the Blind*, 3 NY3d at 312). In order to make out a claim for retaliation, a plaintiff must show that (1) he or she has engaged in protected activity; (2) his or her employer was aware of such activity; (3) he or she suffered an adverse employment action based upon the protected activity; and (4) there is a causal connection between the protected activity and the adverse action (*see id.* at 312-313).

Here, in opposition to the defendants' showing of their prima facie entitlement to judgment as a matter of law on the causes of action alleging retaliation, the plaintiff failed to raise a triable issue of fact as to whether he engaged in a protected activity or that the defendants were aware of any such complaint prior to September 2009, when the plaintiff sent an email specifically complaining of discrimination. Although the plaintiff, during a conference call addressing changes in his territory, asserted "I know my rights," at that time, he did not allege that he was discriminated against (*see id.* at 313). Moreover, the plaintiff failed to submit sufficient evidence from which a jury could reasonably find a causal connection between any protected activity in which he engaged and any adverse employment action, or to rebut the defendants' evidence that any adverse action taken against him was justified by legitimate, nondiscriminatory reasons (*see id.*).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.