■ DOLANDA JOHNSON, Appellant, v NORTH SHORE LONG ISLAND JEWISH HEALTH SYSTEM, INC., et al., Respondents. [27 NYS3d 598]—

In an action to recover damages for employment discrimination on the basis of race, unlawful retaliation, and a hostile work environment in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Queens County (Lane, J.), entered January 16, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, an African-American woman, was employed as a licensed practical nurse by the defendant North Shore Long Island Jewish Health System, Inc., at the defendant North Shore University Hospital. She commenced this action to recover damages for employment discrimination on the basis of race, unlawful retaliation, and a hostile work environment in violation of Executive Law § 296. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. We affirm.

In order to establish a prima facie case of discrimination in employment, a plaintiff must show that (1) he or she is a member of a protected class; (2) he or she was qualified to hold the position; (3) he or she was terminated from employment or suffered another adverse employment action; and (4) the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]). "To prevail on a motion for summary judgment in a discriminatory employment action, a defendant must demonstrate either the plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for their challenged actions, the absence of a material issue of fact as to whether their explanations were pretextual" (*Cotterell v State of New York*, 129 AD3d 653, 654 [2015], citing *Forrest v Jewish Guild for the Blind*, 3 NY3d at 305).

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging racial discrimination by offering legitimate, nondiscriminatory reasons for their termination of the plaintiff's employment. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants' explanations were pretextual (*see Forrest v Jewish Guild for the Blind*, 3 NY3d at 308; *Cotterell v State of New York*, 129 AD3d at 655; *Reyes v Brinks Global Servs. USA, Inc.*, 112 AD3d 805, 806

[2013]; *Lambert v Macy's E., Inc.*, 84 AD3d 744, 745-746 [2011]; *Lichtman v Martin's News Shops Mgt., Inc.*, 81 AD3d 696, 698 [2011]; *Clark v Morelli Ratner PC*, 73 AD3d 591 [2010]; *Michno v New York Hosp. Med. Ctr. of Queens*, 71 AD3d 746, 746-747 [2010]).

It is unlawful to retaliate against an employee for opposing discriminatory practices (*see Forrest v Jewish Guild for the Blind*, 3 NY3d at 312). In order to establish a prima facie case of retaliation, a plaintiff must show that: "(1) [he or she] has engaged in protected activity, (2) [his or her] employer was aware that [he or she] participated in such activity, (3) [he or she] suffered an adverse employment action based upon [his or her] activity, and (4) there is a causal connection between the protected activity and the adverse action" (*id.* at 313; *see Cotterell v State of New York*, 129 AD3d at 655; *Chin v New York City Hous. Auth.*, 106 AD3d 443 [2013]).

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging retaliation by demonstrating that the termination of the plaintiff's employment was not based upon her complaint of discrimination. In opposition, the plaintiff failed to raise a triable issue of fact (*see Cotterell v State of New York*, 129 AD3d at 655).

In order to establish a claim of a hostile work environment in violation of Executive Law § 296, a plaintiff must show that the workplace was " 'permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment' " (*Forrest v Jewish Guild for the Blind*, 3 NY3d at 310, quoting *Harris v Forklift Systems, Inc.*, 510 US 17, 21 [1993]).

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a hostile work environment by demonstrating that any incidents of alleged harassment did not constitute racially discriminatory conduct (*see Forrest v Jewish Guild for the Blind*, 3 NY3d at 310). In opposition, the plaintiff failed to raise a triable issue of fact (*see Nettles v LSG Sky Chefs*, 94 AD3d 726, 730-731 [2012]; *Kaptan v Danchig*, 19 AD3d 456, 458 [2005]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint (*see Cotterell v State of New York*, 129 AD3d 653 [2015]; *Lambert v Macy's E., Inc.*, 84 AD3d 744 [2011]; *Lichtman v Martin's News Shops Mgt., Inc.*, 81 AD3d 696 [2011]). Leventhal, J.P., Dickerson, Duffy and LaSalle, JJ., concur.