In an action, inter alia, to recover damages for discrimination in employment on the basis of age and sex, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered February 21, 2014, as granted that branch of the defendant’s motion which was for summary judgment dismissing so much of the first cause of action as alleged employment discrimination based on age and denied his cross motion for summary judgment on so much of the first cause of action as alleged employment discrimination based on age.
Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant’s motion which was for summary judgment dismissing so much of the first cause of action as alleged employment discrimination based on age, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff worked for many years as a seasonal lifeguard at Jones Beach State Park, which is a part of the defendant’s park system. In 2007, at age 57, the plaintiff was not permitted by the defendant to take his lifeguard rehire test while wearing a “jammer,” or bicycle-short style swimsuit, rather than his state-issued lifeguard uniform.
The following year, in June! 2008, the then 58-year-old plaintiff attempted to take the new hire lifeguard test while wearing the same type of “jammer” swimsuit he had worn the year before. The plaintiff was not allowed to participate in the new hire examination while wearing a “jammer” since it was not similar to any of the three types of swimsuits issued by the defendant as a lifeguard uniform. Prior to 2007, the defendant did not place restrictions on the type of swimsuit a candidate *768 could wear while taking either the new hire or rehire lifeguard test.
The plaintiff commenced this action against the defendant, alleging that the defendant committed employment discrimination based on age and sex in prohibiting him from taking the test for new lifeguards in 2008. Specifically, with respect to his claim of age discrimination, he alleged that he was the oldest applicant to appear for the new hire test, and was not allowed to take the test because he was not wearing the type of swimsuit which the defendant demanded but instead a type of swimsuit commonly worn by older individuals. He also alleged that the younger applicants were wearing all different types of swimsuits and were not prohibited from taking the test.
The defendant moved for summary judgment dismissing the complaint. The plaintiff then cross-moved for summary judgment on so much of his first cause of action as alleged employment discrimination based on age. The Supreme Court granted the defendant’s motion and denied the plaintiff’s cross motion. The plaintiff appeals from so much of the order as denied his cross motion and granted that branch of the defendant’s motion which was for summary judgment dismissing so much of the first cause of action as alleged employment discrimination based on age.
Pursuant to the New York State Human Rights Law, it is unlawful “[f]or an employer . . . because of an individual’s age ... to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment” (Executive Law § 296 [1] [a]). At trial, to establish a prima facie case alleging a violation of this provision, a plaintiff must show that (1) he or she is a member of a protected class; (2) he or she was qualified to hold the position; (3) he or she was terminated from employment or suffered another adverse employment action; and (4) the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]; Ferrante v American Lung Assn., 90 NY2d 623, 629 [1997]; Singh v Covenant Aviation Sec., LLC, 131 AD3d 1158, 1159 [2015]; Furfero v St. John’s Univ., 94 AD3d 695, 696 [2012]).
“To prevail on a motion for summary judgment in a discriminatory employment action, a defendant must demonstrate either the plaintiff’s failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for their challenged actions, the *769 absence of a material issue of fact as to whether [its] explanations were pretextual” (Cotterell v State of New York, 129 AD3d 653, 654, citing Forrest v Jewish Guild for the Blind, 3 NY3d at 305 [2015]).
Here, the defendant failed to meet its initial burden on that branch of its motion which was for summary judgment dismissing so much of the first cause of action as alleged employment discrimination based on age. The defendant failed to eliminate all triable issues of fact as to whether it had legitimate, nondiscriminatory reasons for refusing to allow the plaintiff to take the test for new hires in a “jammer” swimsuit (cf. Cotterell v State of New York, 129 AD3d at 654; Furfero v St. John’s Univ., 94 AD3d at 697). However, the plaintiff also failed to demonstrate his entitlement to judgment as a matter of law since he did not eliminate all triable issues of fact as to whether the defendant’s reason for not allowing him to wear a “jammer” during his new hire test was legitimate and nondiscriminatory or pretextual (cf. Cotterell v State of New York, 129 AD3d at 655; Furfero v St. John’s Univ., 94 AD3d at 698).
Accordingly, the Supreme Court improperly granted that branch of the defendant’s motion which was for summary judgment dismissing so much of the first cause of action as alleged employment discrimination based on age, but properly denied the plaintiff’s cross motion for summary judgment on so much of the first cause of action as alleged employment discrimination based on age.
Austin, J.P., Cohen, Miller and Duffy, JJ., concur.