■ Laurie Radler, Appellant, v Catholic Health System of Long Island, Inc., Doing Business as Catholic Health Services of Long Island, et al., Respondents. [41 NYS3d 88]—

In an action, inter alia, to recover damages for employment discrimination on the basis of sex and a hostile work environment in violation of Executive Law § 296, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Jaeger, J.), dated September 15, 2014, as granted those branches of the defendants' motion which were for summary judgment dismissing the first and third causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was hired by the defendant Catholic Health System of Long Island, Inc., doing business as Catholic Health Services of Long Island, as a compliance officer with respect to Medicare and Medicaid regulations, subject to a six-month probationary period. At the close of the probationary period, the plaintiff's supervisor, the defendant Pegeen McGowan, terminated her employment. The plaintiff commenced this action, inter alia, to recover damages for employment discrimination on the basis of sex and a hostile work environment in violation of Executive Law § 296. The defendants moved, inter alia, for summary judgment dismissing those causes of action, and the Supreme Court granted those branches of the defendants' motion.

To establish entitlement to summary judgment in a case alleging discrimination, the defendants must demonstrate either the plaintiff's inability to establish every element of intentional discrimination, or, having offered a legitimate, nondiscriminatory reason for the challenged action, the absence of a material issue of fact as to whether that reason was pretextual (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Michno v New York Hosp. Med. Ctr. of Queens*, 71 AD3d 746, 746-747 [2010]). Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the third cause of action, alleging discrimination on the basis of sex, by demonstrating the absence of triable issues of fact as to whether the plaintiff was terminated under circumstances giving rise to an inference of discrimination (*see Forrest v Jewish Guild for the Blind*, 3 NY3d at 305-307; *Smith v Paris Intl. Corp.*, 267 AD2d 223, 224 [1999]). Neither coarse comments made by McGowan in instructing the plaintiff that her attire was unacceptable nor two comments allegedly made by an individual uninvolved in the decision to terminate the plaintiff's employment gave rise to such an inference (*see Forrest v Jew-*

*ish Guild for the Blind*, 3 NY3d at 308). Further, the defendants demonstrated, prima facie, that the proffered legitimate, nondiscriminatory reason for the plaintiff's termination—dissatisfaction with her performance—was not a pretext for discrimination (*see Dzikowski v J.J. Burns & Co., LLC*, 98 AD3d 468, 469 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact.

The defendants also established their prima facie entitlement to judgment as a matter of law dismissing the first cause of action, alleging the existence of a hostile work environment, by demonstrating that the conduct and remarks about which the plaintiff complained were not sufficiently severe or pervasive as to permeate the workplace and alter the conditions of the plaintiff's employment (*see La Marca-Pagano v Dr. Steven Phillips, P.C.*, 129 AD3d 918 [2015]; *Chiara v Town of New Castle*, 126 AD3d 111, 126 [2015]; *Thompson v Lamprecht Transp.*, 39 AD3d 846, 847 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contention is without merit.

Accordingly, those branches of the defendants' motion which were for summary judgment dismissing the first and third causes of action were properly granted. Chambers, J.P., Austin, Sgroi and Cohen, JJ., concur.