■ ADELBERT CLARKE, Also Known as EDMOND CLARKE, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. [57 NYS3d 491]—

In an action, inter alia, to recover damages for employment discrimination, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), dated May 8, 2015, as granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging employment discrimination on the basis of age and sex, and hostile work environment.

Ordered that the order is affirmed insofar as appealed from, with costs.

"A plaintiff alleging discrimination in employment has the initial burden to establish . . . that (1) he or she is a member of a protected class; (2) he or she was qualified to hold the position;' (3) he or she was terminated from employment or suffered another adverse employment action; and (4) the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination" (*Cotterell v State of New York*, 129 AD3d 653, 654 [2015]; *see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *Langton v Warwick Val. Cent. Sch. Dist.*, 144 AD3d 867, 868-869 [2016]). The burden then shifts to the employer "to rebut the presumption of discrimination by clearly setting forth, through the introduction of admissible evidence, legitimate, independent, and nondiscriminatory reasons to support its employment decision" (*Forrest v Jewish Guild for the Blind*, 3 NY3d at 305 [internal quotation marks omitted]). "To prevail on a motion for summary judgment in a discriminatory employment action, a defendant must demonstrate either the plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for the challenged actions, the absence of a triable issue of fact as to whether the explanations were pretextual" (*Langton v Warwick Val. Cent. Sch. Dist.*, 144 AD3d at 868-869; *see Forrest v Jewish Guild for the Blind*, 3 NY3d at 305; *Cotterell v State of New York*, 129 AD3d at 654).

Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging employment discrimination on the basis of age and sex by offering legitimate, nondiscriminatory reasons for the challenged actions and demonstrating the absence of material issues of fact as to whether their explanations were pretextual (*see Langton v Warwick Val. Cent. Sch. Dist.*, 144

AD3d at 868; *cf. La Marca-Pagano v Dr. Steven Phillips, P.C.*, 129 AD3d 918, 922 [2015]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Langton v Warwick Val. Cent. Sch. Dist.*, 144 AD3d at 868; *Mendelsohn v New York Racing Assn., Inc.*, 134 AD3d 914, 915 [2015]).

A hostile work environment exists where the workplace is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment" (*Harris v Forklift Systems, Inc.*, 510 US 17, 21 [1993] [citations and internal quotation marks omitted]; *see Forrest v Jewish Guild for the Blind*, 3 NY3d at 310). Various factors, such as frequency and severity of the discrimination, whether the allegedly discriminatory actions were threatening or humiliating or a "mere offensive utterance," and whether the alleged actions "unreasonably interfere[ ] with an employee's work" are to be considered in determining whether a hostile work environment exists (*Forrest v Jewish Guild for the Blind*, 3 NY3d at 310-311; *see La Marca-Pagano v Dr. Steven Phillips, P.C.*, 129 AD3d at 920). The allegedly abusive conduct must not only have altered the conditions of employment of the employee, who subjectively viewed the actions as abusive, but the actions must have created an "objectively hostile or abusive environment—one that a reasonable person would find to be so" (*Forrest v Jewish Guild for the Blind*, 3 NY3d at 311; *see La Marca-Pagano v Dr. Steven Phillips, P.C.*, 129 AD3d at 920).

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging the existence of a hostile work environment by demonstrating that the conduct and remarks about which the plaintiff complained were not sufficiently severe or pervasive as to permeate the workplace and alter the conditions of the plaintiff's employment (*see Radler v Catholic Health Sys. of Long Is., Inc.*, 144 AD3d 781, 783 [2016]; *La Marca-Pagano v Dr. Steven Phillips, P.C.*, 129 AD3d at 920). In opposition, the plaintiff failed to raise a triable issue of fact (*see Radler v Catholic Health Sys. of Long Is., Inc.*, 144 AD3d at 783).

In light of our determination, the defendants' remaining contentions have been rendered academic.

Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging employment discrimination on the basis of age and sex, and hostile work environment. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.