Sedhom v SUNY Downstate Med. Ctr. (2022 NY Slip Op 00292)





Sedhom v SUNY Downstate Med. Ctr.


2022 NY Slip Op 00292


Decided on January 18, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 18, 2022

Before: Renwick, J.P., Webber, Oing, Scarpulla, Pitt, JJ. 


Index No. 1555837/17 Appeal No. 15080 Case No. 2020-04443 

[*1]Laila Sedhom, Ph.D., RN, Plaintiff-Appellant,
v
SUNY Downstate Medical Center, et al., Defendants-Respondents.


Sedhom Law Group, PLLC, New York (Rania V. Sedhom of counsel), for appellant.
Letitia James, Attorney General, New York (Stephen J. Yanni of counsel), for respondents.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered on or about March 27, 2020, which granted defendants' motion for summary judgment dismissing the causes of action for age discrimination and hostile work environment under the City and State Human Rights Laws, unanimously affirmed, without costs.
Plaintiff alleges that defendants discriminated against her and terminated her employment at defendant SUNY Downstate Medical Center on the basis of her age. Among other things, plaintiff alleges that defendant Maria Silas demanded that plaintiff disclose her age and made remarks suggesting that plaintiff was too old to continue working at SUNY Downstate. Plaintiff also alleged that defendants created a hostile work environment when defendant Daisy Cruz-Richman, among other things, shouted at plaintiff in front of her subordinates, instructed SUNY faculty not to contact her while she was on sick leave, and disparaged her to her students.
Defendants met their prima facie burden of showing that there are no triable issues of fact that would support a claim for age discrimination under the New York City Human Rights Law (Administrative Code of City of NY § 8-107[1][a]) or the New York State Human Rights Law (Executive Law § 296[1][a]), since there is no indication that defendants' actions concerning plaintiff's employment at SUNY Downstate were motivated by plaintiff's age (see Hamburg v New York Univ. School of Med., 155 AD3d 66, 73 [1st Dept 2017]). Defendants proffered a legitimate, nondiscriminatory reason for terminating plaintiff's employment — namely, that they had instituted a policy discouraging the retention of temporary employees, that a new dean was hired on the same month plaintiff was terminated, and that plaintiff's role was eliminated and consolidated with an existing role to create a new position (see Abe v New York Univ., 169 AD3d 445, 446 [1st Dept 2019], lv dismissed 34 NY3d 1089 [2020]). In response, plaintiff failed to raise a triable issue of fact. Although plaintiff disputes defendants' categorization of her as a temporary employee, SUNY's records show that she was, and she does not dispute that the new policy would apply to her in that case. Nor does she argue that the policy itself or the restructuring of the administration were pretextual (see Basso v Earthlink, Inc., 157 AD3d 428, 429 [1st Dept 2018]).
Furthermore, even assuming particular comments allegedly made to plaintiff were discriminatory, they were merely "stray remarks" that "do not, without more, constitute evidence of discrimination" (Melman v Montefiore Med. Ctr., 98 AD3d 107, 125 [1st Dept 2012]). The evidence also does not demonstrate that Cruz-Richman's conduct toward plaintiff stemmed from discriminatory animus based on plaintiff's age, as Cruz-Richman is nearly the same age as plaintiff and made the decision to both hire her and fire her (see Dickerson v Health Mgmt. Corp. of America, 21 AD3d 326, 329 [1st Dept 2005]).
Likewise, defendants [*2]established entitlement to summary judgment on the causes of action alleging a hostile work environment. The remarks underlying those causes of action were not sufficiently severe or pervasive as to permeate the workplace and alter the conditions of plaintiff's employment (see Radler v Catholic Health Sys. Of Long Island, Inc., 144 AD3d 781, 783 [2d Dept 2016]). On the contrary, the remarks can be characterized at most as petty slights or trivial inconveniences (see Hernandez v Kaisman, 103 AD3d 106, 114-115 [1st Dept 2012]). Moreover, there is no indication that any of Cruz-Richman's purportedly hostile conduct toward plaintiff had anything to do with plaintiff's age, nor, indeed, does plaintiff allege that it did (see Williams v New York City Hous. Auth., 61 AD3d 62, 78 [1st Dept 2009], lv denied 13 NY3d 702 [2009]; see also Mejia v T.N. 888 Eighth Avenue LLC Co., 169 AD3d 613, 614 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2022