Ahmed v 2 W. 46th St. Mgt., LLC (2022 NY Slip Op 06417)

Ahmed v 2 W. 46th St. Mgt., LLC

2022 NY Slip Op 06417

Decided on November 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022

Before: Gische, J.P., Kapnick, Kern, Gesmer, Higgitt, JJ. 

Index No. 160099/19 Appeal No. 16647 Case No. 2021-04657 

[*1]Mohiuddin Ahmed, Plaintiff-Appellant,
v
2 West 46th Street Management, LLC, Defendant-Respondent.

Law Office of Noah A. Kinigstein, New York (Noah A. Kinigstein of counsel), for appellant.
Milman Labuda Law Group PLLC, Lake Success (Matthew A. Brown of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about December 8, 2021, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant established its entitlement to summary judgment dismissing the complaint, as it articulated a legitimate, nondiscriminatory reason for firing plaintiff from his employment as a cleaner — namely, plaintiff's unsatisfactory work performance and his failure to improve despite multiple warning letters (see Park v Kurtosys Sys., Inc., 206 AD3d 570, 571 [1st Dept 2022]; Koester v New York Blood Ctr., 55 AD3d 447, 448, 449 [1st Dept 2008]). Defendant's submission of tenant complaints regarding the uncleanliness of the bathrooms and the warning letters it issued to plaintiff about his poor performance supports its claim that he was terminated not because of his age, but because of his failure to adequately perform his duties over an extended time (see Park, 206 AD3d at 570). As further evidence that plaintiff was not fired because of his age, defendant showed that it did not fill plaintiff's position after he was terminated but instead outsourced his job duties to a third-party cleaning service (see Bailey v New York Westchester Sq. Med. Ctr., 38 AD3d 119, 124 [1st Dept 2007]).
In opposition, plaintiff failed to demonstrate that any of the reasons defendant proffered for terminating his employment were false, misleading, or incomplete (see Bennett v Health Mgmt. Sys., Inc., 92 AD3d 29, 43 [1st Dept 2011], lv denied, 18 NY3d [2012]). Plaintiff presented no evidence tending to show that the tenant complaints or the warning letters were inaccurate, much less designed to supply a pretext for age discrimination (see e.g. Stephens v Isabella Geriatric Ctr., Inc., 178 AD3d 478, 478-479 [1st Dept 2019], lv denied 35 NY2d 914 [2020]; Stewart v Schulte Roth & Zabel LLP, 44 AD3d 354, 355 [1st Dept 2007], lv denied 10 NY3d 707 [2008]). Nor does plaintiff show how defendant's failure to give him vacation wages before his vacation was to begin supports a finding of pretext under the circumstances (see Hamburg v New York Univ. Sch. of Medicine, 155 AD3d 66, 81 [1st Dept 2017]). In addition, plaintiff's assertion that defendant failed to sufficiently warn him about his unsatisfactory job performance is undermined by his own testimony that he saw the January 2018 letter that suspended him for three days based on tenant complaints regarding his job performance (see e.g. Stephens, 178 AD3d at 478).
The two isolated comments made by plaintiff's supervisor about his intent to retire were "stray remarks" that "do not, without more, constitute evidence of discrimination" (Melman v Montefiore Med. Ctr., 98 AD3d 107, 125 [1st Dept 2012]). At any rate, even if these remarks suggested bias, defendant established that the supervisor was not involved in the decision to terminate plaintiff's employment, and in fact, had no power to hire, fire, or discipline employees [*2](see Radler v Catholic Health Sys. of Long Is., Inc., 144 AD3d 781, 782 [2d Dept 2016]; Mete v New York State Off. of Mental Retardation and Dev. Disabilities, 21 AD3d 288, 294 [1st Dept 2005]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 15, 2022