| **Moore v XWELL, Inc.** |
| :---: |
| 2024 NY Slip Op 34327(U) |
| December 6, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650891/2024 |
| Judge: Paul A. Goetz |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. PAUL A. GOETZ                          PART                    47

*Justice*

------------------------------------------------------------------------------X

SHAQUANDA MOORE,

Plaintiff,

- v -

XWELL, INC., SCOTT MILFORD

Defendants.

------------------------------------------------------------------------------X

INDEX NO.            650891/2024

MOTION DATE          04/01/2024

MOTION SEQ. NO.          001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16

were read on this motion to/for                        DISMISS                        .

In this employment disability discrimination action, defendants XWELL Inc. (XWELL) and XWELL's chief executive officer Scott Milford move to dismiss plaintiff's complaint for failure to state a cause of action pursuant to CPLR § 3211(a)(7). Defendants seek to dismiss plaintiff's Labor Law § 201-d cause of action on the additional grounds that this court lacks subject matter jurisdiction pursuant to CPLR § 3211(a)(2).

## BACKGROUND

Plaintiff began working as a bio surveillance specialist for XWELL, a health and wellness company, on November 1, 2022 (NYSCEF Doc No 1 ¶¶ 9, 11). Her duties included assisting international travelers, conducting COVID-19 tests, and reviewing vaccination records (*id.* ¶ 12).

On May 28, 2023, plaintiff notified her supervisor, Stephanie, that she was sick with COVID-19 (*id.* ¶ 20). Plaintiff alleges that Stephanie "advised her that she would not be paid for COVID-19 days and required her to use her vacation days"; plaintiff took off the days between May 28, 2023 and June 2, 2023 (*id.* ¶ 21).

**650891/2024   MOORE, SHAQUANDA vs. XWELL, INC. ET AL**
**Motion No.  001**

**Page 1 of 9**

Plaintiff alleges that "[a]round the week of June 5, 2023, the Defendants' Human Resources Department sent [her] an email notifying her about her termination due to job abandonment" (*id.* ¶ 22). Plaintiff explained that she did not abandon her job and was out sick with COVID-19 (*id.*). "Despite providing all the relevant documentation [of her illness] to her supervisor in advance, Ms. Moore had to provide Human Resources with all the documentation once again to cancel the termination process" and return to work (*id.*). "[A]fter pressing human resources," plaintiff was paid for the days she missed while sick with COVID-19, however "Defendants denied her COVID pay for her daughter and [] paid family leave" (*id.* ¶ 23).

On June 13, 2023, plaintiff's managers, Tamara and Petegaye, told plaintiff that she smelled of cannabis and directed her to leave work (*id.* ¶ 24). When plaintiff returned to work on June 15, 2023, she was terminated by Stephanie and Petegaye "for smelling like cannabis" (*id.* ¶ 25). Plaintiff asked to speak to human resources about the reason for her termination, "but they only stated that she was impaired to do the job" (*id.* ¶ 26).

Plaintiff claims that defendants "considered Plaintiff Moore disabled because she smelled like cannabis and was impaired in performing her duties," and that she was terminated due to her purported disability (*id.* ¶¶ 28-31). Plaintiff's causes of action are for: (1) discrimination in violation of New York State Human Rights Law (NYSHRL) § 296; (2) retaliation in violation of New York Labor Law § 215; (3) discrimination in violation of Labor Law § 201-d; and (4) denial of paid sick leave in violation of Labor Law § 196-B(4)(2).

## DISCUSSION

When determining if a complaint may be dismissed for failing to state a cause of action pursuant to CPLR § 3211(a)(7), "the complaint must be liberally construed, the allegations therein taken as true, and all reasonable inferences must be resolved in plaintiff's favor" (*Gorelik*

**650891/2024   MOORE, SHAQUANDA vs. XWELL, INC. ET AL**
**Motion No. 001**

**Page 2 of 9**

2 of 9

[* 2]

*v Mount Sinai Hosp. Ctr.*, 19 AD3d 319, 319 [1ˢᵗ Dept 2006]). The motion "must be denied if from the pleading's four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*id.* [internal quotations omitted]). However, "factual allegations that do not state a viable cause of action, that consist of bare legal conclusions, or that are inherently or clearly contradicted by documentary evidence are not entitled to such consideration" (*Skillgames, LLC v Brody*, 1 AD3d 247, 250 [1ˢᵗ Dept 2003]).

At the outset, as defendants note, plaintiff has not made any allegations that defendant Milford, individually, "participated in the conduct giving rise to [her] claim[s] of discrimination," retaliation, and denial of paid sick leave (*Feingold v New York*, 366 F3d 138, 158 [2ⁿᵈ Cir 2004] [internal quotation marks omitted]; *see*, NYSCEF Doc No 1 [alleging only that defendant Milford is the CEO of XWELL]). Accordingly, the part of defendants' motion seeking to dismiss plaintiff's complaint as against defendant Milford will be granted.

   i.     *Discrimination in Violation of NYSHRL § 296 (first cause of action)*

NYSHRL § 296 provides that "[i]t shall be an unlawful discriminatory practice [for] an employer[,] because of an individual's . . . disability . . . to discharge from employment [] or to discriminate against such individual" (NYSHRL § 296). In order to establish a prima facie case of discrimination under this section, "a plaintiff must show that (1) [] she is a member of a protected class; (2) [] she was qualified to hold the position; (3) [] she was terminated from employment or suffered another adverse employment action; and (4) the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination" (*Johnson v North Shore Long Is. Jewish Health Sys., Inc.*, 137 AD3d 977, 978 [2ⁿᵈ Dept 2016]). Defendants argue that plaintiff has not alleged sufficient facts to support this claim.

**650891/2024   MOORE, SHAQUANDA vs. XWELL, INC. ET AL**                    **Page 3 of 9**
**Motion No.  001**

3 of 9

As defendants note, plaintiff has not established that she is a member of a protected class. Plaintiff defines her alleged disability in an inconsistent and unclear manner. In her complaint, plaintiff avers that her disability is her perceived impairment from cannabis use (NYSCEF Doc No 1 ¶ 26 ["XWELL considered Plaintiff More disabled because she smelled like cannabis and was impaired in performing her duties"]). In her opposing brief, plaintiff implies that she was experiencing symptoms of a separate medical condition which defendants incorrectly attributed to cannabis use, yet she does not identify the alleged condition that actually caused those symptoms (NYSCEF Doc No 11 ["Defendants impermissibly attributed Plaintiff's medical symptoms to her marijuana use," but "DOL guidance cautions employers that 'such symptoms [] may also be an indication that an employee has a disability protected under the NYHRL'"]). In other parts of her opposition, plaintiff appears to consider her illness due to COVID-19 as the disability for which she was terminated (*id.* [noting that it was only "upon Plaintiff's return to work after a weeklong bout with COVID-19 [that she was] terminated for 'delayed reactions'"]).

Since plaintiff fails to adequately identify the actual or perceived disability on which defendants' alleged discrimination was based, she has not stated a claim for a violation of NYSHRL § 296. Accordingly, the part of defendants' motion seeking to dismiss plaintiff's first cause of action will be granted.

ii.    *Retaliation in Violation of Labor Law § 215 (second cause of action)*

Pursuant to Labor Law § 215, "[n]o employer . . . shall discharge . . . or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believe violates any provision of this chapter . . . or (viii) because such employee has used any legally protected absence pursuant to federal, local, or

**650891/2024   MOORE, SHAQUANDA vs. XWELL, INC. ET AL**
**Motion No.  001**

**Page 4 of 9**

4 of 9

state law" (Labor Law § 215). To establish a prima facie case of retaliation under this section, a plaintiff must show "(1) participation in protected activity known to the defendant[;] (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action" (*Benzinger v Lukoil Pan Ams., LLC*, 447 F Supp 3d 99, 130 [SDNY 2020] [internal quotation marks omitted]).

Plaintiff alleges that she engaged in a protected activity by requesting paid sick leave and complaining of defendants' denial of same; that she was disadvantaged by defendants' alleged first attempt to terminate plaintiff during the week of June 5, 2023 and their actual termination of plaintiff on June 15, 2023; and that "Defendants took [this] adverse employment action against Plaintiff *because* [she] engaged in the protected activity" (NYSCEF Doc No 1 ¶ 38 [emphasis added]). Plaintiff argues that the causal connection between these events is evidenced by (i) the proximity in time between plaintiff's request and complaints regarding sick leave and her termination; and (ii) that "Plaintiff admitted to smoking marijuana before work frequently," but an adverse employment action was only taken after she engaged in protected activities (NYSCEF Doc No 11 ["The only time Defendants acted on Plaintiff smelling like marijuana was after Plaintiff advocated for herself"]).

As noted *supra*, when determining if a cause of action must be dismissed pursuant to CPLR § 3211(a)(7), "the complaint must be liberally construed, the allegations therein taken as true, and all reasonable inferences must be resolved in plaintiff's favor" (*Gorelik*, 19 AD3d at 319). Here, while defendants provided a legitimate, non-retaliatory reason for terminating plaintiff (i.e., impairment at work due to cannabis use), plaintiff has met the minimal pleading requirement of alleging facts which, taken together, manifest a cognizable retaliation cause of action. This is all that is required to survive a CPLR § 3211(a)(7) challenge.

**650891/2024   MOORE, SHAQUANDA vs. XWELL, INC. ET AL**
**Motion No. 001**

**Page 5 of 9**

5 of 9

Accordingly, the part of defendants' motion seeking to dismiss plaintiff's second cause of action for retaliation in violation of Labor Law § 215 will be denied as to defendant XWELL.

    *iii.*    *Discrimination in Violation of Labor Law § 201-d*

Labor Law § 201-d prohibits employers from "discharg[ing] or otherwise discriminat[ing] against an individual . . . because of [their] legal use of consumable products, including cannabis in accordance with state law, [outside of] work hours, and off of the employer's premises" (Labor Law § 201-d). It also provides, however, that "an employer shall not be in violation of this section where the employer takes action [because] the employee is impaired by the use of cannabis, meaning the employee manifests specific articulable symptoms while working that decrease or lessen the employee's performance of the duties or tasks of the employee's job position" (*id.*).

Defendants argue that plaintiff's Labor Law § 201-d cause of action must be dismissed pursuant to CPLR § 3211(a)(2), as this court lacks subject matter jurisdiction over Labor Law § 201-d claims, which fall within the exclusive authority of the Public Employment Relations Board (PERB); and pursuant to CPLR § 3211(a)(7) "[b]ecause Plaintiff expressly admits she was fired for 'being impaired' when she arrived to work" (NYSCEF Doc No 7). Plaintiff argues that her marijuana use was permissible because she smoked outside of work hours and off the premises; defendants failed to establish that plaintiff was impaired within the meaning of the statute, and that she denies admitting to such impairment; and that this court does have subject matter jurisdiction over this cause of action, as the underlying dispute is not related to union animus.

There are certain categories of persons whose claims are evaluated by the PERB or who are excluded from the protections of Labor Law § 201-d, such as "public officers," "employees

**650891/2024 MOORE, SHAQUANDA vs. XWELL, INC. ET AL**
**Motion No. 001**

**Page 6 of 9**

[* 6]

6 of 9

of a state agency," "employees of any employer [subject to] a collective bargaining agreement," or employees whose impairment could "interfere with an employer's obligation to provide a safe and healthy work place, free from recognized hazards, as required by state and federal occupational safety and health law" (Labor Law § 201-d). Defendants' subject matter jurisdiction argument fails because, unlike the plaintiffs in the cases cited by defendants, plaintiff's work does not fall within any such enumerated categories (*Kurec v CSX Transp., Inc.*, 2020 U.S. Dist. LEXIS 205929 [NDNY 2020] [plaintiff oversaw track maintenance of railroads subject to federal safety regulations]; *Ifill v N.Y. State Court Officers Ass'n*, 655 F Supp 2d 382 [SDNY 2009] [plaintiff was a court officer and party to a collective bargaining agreement]; *Matter of Martinez v State Univ. of N.Y.*, 294 AD2d 650 [3rd Dept 2002] [plaintiff was a State employee]). Therefore, plaintiff's Labor Law § 201-d will not be dismissed pursuant to CPLR § 3211(a)(2).

Plaintiff adequately states a claim under Labor Law § 201-d by alleging that defendants terminated her employment based on legal activities she engaged in outside of work.[1] In their motion, defendants do not state how plaintiff "manifest[ed] specific articulable symptoms while working that decrease[d] or lessen[ed] [her] performance of the duties or tasks of [her] job position"; rather, they state in conclusory fashion that plaintiff "was impaired in performing her duties" and note that "she smelled like cannabis" (NYSCEF Doc No 7)[2]. This is insufficient to support dismissal of plaintiff's claim pursuant to CPLR § 3211(a)(7).

---

[1] Contrary to defendants' contention, plaintiff did not admit to being impaired at work; she merely stated that when she "asked to speak with HR about the reason why she was fired[,] *they only stated* that she was impaired to do the job" and that "*XWELL considered* [her to be] impaired in performing her duties" (NYSCEF Doc No 1 ¶¶ 26, 29 [emphasis added]).

[2] XWELL people relations manager Charlotte Milford stated to plaintiff in an email that her "reactions were delayed" but does not elaborate on this or how it affected her job performance (NYSCEF Doc No 14).

**650891/2024   MOORE, SHAQUANDA vs. XWELL, INC. ET AL**
**Motion No.  001**

Page 7 of 9

Accordingly, the part of defendants' motion seeking to dismiss plaintiff's third cause of action pursuant to Labor Law § 201-d will be denied as to defendant XWELL.

 *iv.*   *Denial of Paid Sick Leave in Violation of Labor Law § 196-B(4)(2)*

Under Labor Law § 196-B, employers such as XWELL are required to provide their employees with paid sick leave. Plaintiff's cause of action under this statute is without merit, as she acknowledges in her complaint that she was ultimately paid for the sick leave she took while ill with COVID (NYSCEF Doc No 1 ¶ 26 ["Ms. Moore was paid for her COVID days after pressing human resources"]). Plaintiff also offers no basis for seeking "COVID pay for her daughter and [] paid family leave" (*id.*). Accordingly, the part of defendants' motion seeking to dismiss plaintiff's fourth cause of action pursuant to Labor Law § 196-B will be granted.

## CONCLUSION

Based on the foregoing, it is

ORDERED that the part of defendants' motion seeking to dismiss plaintiff's complaint as against defendant Milford is granted; and it is therefore

ORDERED that the caption in this matter is hereby amended as follows:

SHAQUANDA MOORE,

          Plaintiff,

     - v –

XWELL, INC.,

          Defendant.

And it is further

ORDERED that all papers, pleadings, and proceedings in the above-entitled action be amended in accordance with this change, without prejudice to the proceedings heretofore had herein; and it is further

**650891/2024 MOORE, SHAQUANDA vs. XWELL, INC. ET AL**
**Motion No. 001**

**Page 8 of 9**

8 of 9

ORDERED that defendant Milford shall, within 30 days of entry of this order, serve a copy of this order with notice of entry upon the County Clerk and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the County Clerk and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that the part of defendants' motion seeking to dismiss plaintiff's second and third causes of action as against XWELL is denied; and it is further

ORDERED that the part of defendants' motion seeking to dismiss plaintiff's first and fourth causes of action as against XWELL is granted.

20241206164000PG0ETZ16EC89F90CAEA473D8F07A18EDF06946E

| 12/6/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **PAUL A. GOETZ, J.S.C.** | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

650891/2024   MOORE, SHAQUANDA vs. XWELL, INC. ET AL
Motion No. 001

Page 9 of 9